## Kohl et al. v. Kepler, Appellant.

*Wills—Construction—Devise—Life tenant—Remainder—Living children of testator—"Surviving" at death of testator—Curtesy.*

1. Where a devise or bequest is made to a life tenant, and at his death to the surviving children of the testator, the word "surviving," or its equivalent "living," is to be construed as meaning surviving at the death of the testator, unless there is something in the will to indicate that the testator contemplates the continued existence of the remaindermen after his death.

2. Where a testator, with a son and three daughters living at the date of his will and at the date of his death, devises to his son his real estate during life, "and at his death to be divided equally between my living daughters, and should my son get married and die before his wife, then his widow shall share equally with my living daughters in said real estate," and after testator's death a daughter dies without issue, leaving a husband surviving, and thereafter a second daughter dies intestate, leaving a son and daughter and a husband surviving, and afterwards the son dies unmarried, intestate and without issue, the two children of the deceased daughter are entitled to an undivided half of the real estate, inasmuch as it was the intention of the testator to give a share in his lands, subject to a life estate in his son, to his daughters who should survive him.

3. In such a case, the fact that two of the daughters of the testator died leaving husbands still living, has no effect upon the

rights of the children of the deceased daughter, for the reason that these husbands are not entitled to any estate by the curtesy upon a reversion or remainder in their wives, expectant upon an estate of freehold which was not ended during the coverture.

Argued February 2, 1920.   Appeal, No. 9, Oct. T., 1920, by defendant, from order of C. P. Allegheny Co., July T., 1918, No. 1158, entering judgment for plaintiffs on the pleadings in case of Anna M. Kohl and W. E. Harrison, heirs of Elizabeth A. Harrison, deceased, v. George W. Kepler.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Ejectment for an undivided half interest in land in Mifflin Township.

Rule for judgment on the pleadings.   Before SHAFER, P. J.

From the record it appeared that Thomas Gibson died on April 21, 1899, leaving to survive him four children, Thomas Gibson, Jr., Susan B. Carothers, Elizabeth Harrison and Alice McDaniel.

Alice McDaniel died November 30, 1909, without issue, and leaving to survive her, a husband, Noble McDaniel.

Elizabeth Harrison, died intestate September 9, 1913, leaving to survive her, a husband, W. J. Harrison, a son, Wm. E. Harrison, and a daughter, Anna Kohl.

The life tenant, Thomas Gibson, Jr., died April 20, 1915, and left to survive him one sister, Susan Carothers, and Wm. E. Harrison and Anna Kohl, children of his deceased sister.

Other facts appear by the opinion of SHAFER, P. J., which was as follows:

The action is ejectment and the facts are not in any respect in dispute.   The claim of the plaintiffs is founded upon the will of Thomas Gibson, Sr., which provides as follows: "I devise to my son Thomas Gibson, Jr., all my real estate during his life, and at his death to be divided equally between my living daughters; and

should my son Thomas get married and die before his wife, then his widow shall share equally with my living daughters in said real estate."

The testator had, at the time of his death, besides his son Thomas Gibson, Jr., three daughters, Alice, Elizabeth and Susan. Elizabeth died in 1913, intestate, leaving a daughter, Anna M. Kohl, and a son, William E. Harrison, who are the plaintiffs herein, and leaving also a husband who is still living. Thomas Gibson, Jr., died in 1915, unmarried, intestate and without issue. The daughter Susan, now intermarried with Herbert B. Carothers, is still living and at the death of her brother Thomas Gibson, Jr., appears to have taken possession of the property and thereafter conveyed the same to the defendant, George W. Kepler, who is now in possession.

The plaintiffs' contention is that their mother, Elizabeth Harrison, had an undivided half of the real estate in question, subject to a life estate in Thomas, which descended to them upon the death of their mother.

The whole case turns upon the meaning to be given to the expression "living daughters." If this means daughters living at the death of the testator, the plaintiffs are entitled to recover; if it means daughters living at the death of Thomas Gibson, Jr., the life tenant, they are not entitled to recover.

The rule is well settled in Pennsylvania that where a devise or bequest is made to a life tenant and at his death to the surviving children of the testator, the word "surviving" or its equivalent, in this case "living," is to be construed as meaning surviving at the death of the testator, unless there is something in the will to indicate that the testator contemplates the continued existence of the remaindermen after his death: Stoner v. Wunderlich, 198 Pa. 158; Shallcross's Est., 200 Pa. 122.

We are unable to find anything in the will of Thomas Gibson, Sr., to indicate that he did not intend to give a share in his land to his daughters who should survive him.

The fact that two of the daughters of the testator died leaving husbands who are still living, has no effect upon the right of the plaintiffs in this case to recover, for the reason that these husbands are not entitled to any estate by the curtesy upon a reversion or remainder in their wives expectant upon an estate of freehold which is not ended during the coverture.

We are therefore of opinion that under the will of Thomas Gibson, Sr., his daughter Elizabeth, at his death, took a vested interest in common with her sisters in the lands of the testator, subject to open and let in the widow of Thomas Gibson, Jr., if he should leave one, which interest descended to her son and daughter, the plaintiffs herein, and that therefore the plaintiffs are entitled to recover an undivided half of the land described in the writ.

It is therefore ordered that judgment be entered for the plaintiffs and against the defendant for the one undivided half of the lands described in the writ, with six cents damages and costs.

George W. Kepler, vendee of Susan B. Carothers, appealed.

*Error assigned* was order entering judgment for plaintiff.

*H. H. Negley,* with him *Reed, Smith, Shaw & Beal,* for appellant, cited: Page's Est., 227 Pa. 288; Wood v. Schoen, 216 Pa. 425; Schotts's Est., 78 Pa. 40; Day v. Thompson, 233 Pa. 550; Craige's App., 126 Pa. 223; McBride v. Smyth, 54 Pa. 245; Gilmer's Est., 17 Pa. Dist. R. 59; Woelpper's App., 126 Pa. 562; Hood v. Penna. Society P. C. C., 221 Pa. 474.

*James H. Payne,* for appellees, cited: Ross v. Drake, 37 Pa. 376; Chew's App., 37 Pa. 23; Shallcross's Est., 200 Pa. 122; Fetrow's Est., 259 Pa. 89.

Per Curiam, March 8, 1920:

This judgment is affirmed on the opinion of the learn-
ed president judge of the court below directing it to be
entered.

Judgment affirmed.