## Ingham's Estate

The facts appear from the adjudication of

LAMORELLE, P. J., Auditing Judge.—William H. Ingham, who died January 16, 1903, gave the residue of his estate to trustees in trust to pay the net income therefrom to his wife, Mary Ellen Ingham, for life, and upon her death directed them to pay over to his sons, Howard M. Ingham and Robert M. Ingham, absolutely, one-half thereof in such shares and proportions as his wife by her last will and testament should appoint.

He gave the other half of the residuary estate to his trustees in trust to hold the same for his daughters, Elizabeth H. Ingham and Harriet C. Ingham, in such shares and proportions as his wife, by her will, should appoint, and to pay over the net income from the shares so held to said daughters during the term of their natural lives, and upon the death of each of them he directed his trustees "to pay over the principal of the estate so held in trust for my daughter so dying, to the child or children of such daughter absolutely." At this point attention is directed to the fact that no provision is made for the contingency of a daughter dying without children, and one of them, Elizabeth H. Ingham, survived her mother but has since died without issue.

The widow, Mary E. Ingham, who died May 26, 1917, exercised the power of appointment given her and gave each of the sons absolutely one-half of one-half, and as to the other half of the residuary estate she directed that it should be held in trust "as in said last Will and Testament of William H. Ingham, deceased, particularly set forth for the benefit of my two daughters, Elizabeth H. Ingham and Harriet C. Ingham, in equal shares both as to the income and principal thereof."

All of the children survived the wife, and by the adjudication upon the fifth account filed by the trustee, confirmed nisi June 13, 1917, each of the sons was awarded a one-half of one-half of the residue, and the remaining half was awarded to the trustees for the purposes of the trust. The accounting is of the fund awarded to the trustees and is filed because one of the daughters, Elizabeth H. Ingham, has died. Her death occurred September 11, 1931. As already stated, she died without issue.

One of the sons, Robert M. Ingham, survives. The other son, Howard M. Ingham, died January 16, 1922, without issue. Harriet C. Ingham, the other daughter, survives.

The question for determination is who is to take the share of one-half of the principal now released. In order to determine this question, it becomes necessary to refer to the other provisions of the will of testator.

After giving his wife the power to appoint to his four children, testator, by the next item of his will, provided for the contingency of any of his children dying without leaving lawful issue, and gave her the right to appoint in such case. As they all survived, it will suffice to say that he provided that the shares of the daughters should be held in trust for them "during their natural lives, with remainder to their child or children" as theretofore directed.

By the next item testator provided if the widow did not appoint, the trustees should divide his residuary estate into four equal parts, and pay over to each of his sons a one-fourth part thereof, and gave the remaining one-half to his executors in trust to pay over the net income to his said daughters for their natural lives, and upon the death of each daughter to pay the principal of her share to her child or children absolutely. After making this provision, in the same paragraph testator provided as follows: "But if by the death of any of my said children during the lifetime of. their mother or by reason of any of them dying without leaving a child or children or from any cause whatsoever, any share or portion of my estate should be undisposed of I hereby direct that such share or shares shall be divided among my surviving children and be governed by the same provisions as are hereinbefore set forth so that any share of my estate coming to either or both of my sons shall vest absolutely in him or them and any share to be enjoyed by my daughters or either of them shall be held by my Trustees for her or their benefit under the terms and limitations as above directed."

The first question for solution is whether the testator died testate or intestate as to the one-fourth share of the residuary estate; and the second question is what is meant by the words "my surviving children."

Taking up the first question, it would seem that the last sentence in the item of the will which provides in the beginning thereof for the contingency of the failure to appoint, is applicable only in the event that there is such a failure, but a careful consideration of all the language of the will leads to the conclusion that the last sentence of this item was to be applied whether there was or was not an appointment. Although it was not made a separate item, that fact alone does not prevent us from so treating it if the language as a whole reasonably warrants such a conclusion.

The sentence beginning with the word "But" provides for three contingencies:

1. "The death of any of my said children dying during the lifetime of their mother;"

2. "or by reason of any of them dying without leaving a child or children;" and

3. "or from any cause whatsoever, any share or portion of my estate should be undisposed of."

The first contingency can be dismissed from consideration because all of the children survived the mother.

The second contingency is much broader because no time is limited within which such death shall occur. In the opinion of the auditing judge the second contingency applies to a death after that of the mother without leaving a child or children. In this connection, it is to be noted that there is no limitation in any other portion of the will to the child of a son who survives his mother. Testator was evidently referring at this point to the case of a daughter dying after the death of the mother without leaving a child or children. Be that as it may, the third contingency, to wit, "or for any cause whatsoever, any share or portion of my estate should be undisposed of," shows conclusively, in the opinion of the auditing judge, that testator did not intend to die intestate as to any portion of his estate. The language can be reasonably construed as providing for a limitation over on the death of a daughter after the death of the mother leaving no children to survive her, and the auditing judge rules that is what testator intended.

We will take up now the second question, to wit, what is meant by the words "my surviving children."

It is contended by counsel for the widow of Howard M. Ingham that she is entitled to a one-third share of the one-fourth of the residuary estate under the last will of her husband. A certified copy of his will, marked "A," hereto attached and made part hereof, is submitted, and from that it appears that the said Howard M. Ingham gave all of his property to his wife, the said Augusta Pemberton Ingham. The contention is based on the theory that testator meant the children who survived him at the time of his death.

On the other hand, it is contended by counsel for Robert M. Ingham and Harriet C. Ingham that the surviving children were to be ascertained at the death of the daughter who is now dead. Incidentally, it might be noted that it is unnecessary to decide whether the testator used the word "surviving" in the sense of stock that survives, because the son who is now dead left no issue him surviving, and the auditing judge refrains from making any ruling on this point.

If the contention of the widow of the deceased son were sustained, it would follow that the daughter who died had a one-fourth interest in her own remainder estate, and this one-fourth remainder estate, under the terms of testator's will, would be held for her benefit for life, which is an impossibility, and after her death it would pass to her children, and there are none. This would necessitate holding that there was an intestacy as to this one-fourth interest and that it vested in the four children. The court has already ruled that there is no intestacy, and incidentally it may be noted that counsel for the widow of the deceased son does not contend that there is.

As was said in Joyce's Estate, 273 Pa. 404: "Rules of construction have very little weight in the case of wills, and 'precedents ought never to be allowed an unbending control of any case not precisely analogous or even strictly identical.'"

Cases cited by counsel for the widow of the deceased son are not in point. It may be conceded where there is a limitation to a son for life and at his death to the surviving daughters of testator, that the daughters who survive the testator are entitled: see Kohl v. Kepler, 266 Pa. 522; but there is quite a different case presented when the limitation is to a son for life, and at his death to the surviving children of testator. In such case the maxim *"expressio*

*unius personæ est exclusio alterius"* applies: see, also, Alburger's Estate (No. 2), 274 Pa. 15; and Rosengarten *v.* Ashton, 228 Pa. 389. The auditing judge, therefore, rules that one-half of the corpus of the trust fund is divisible in equal shares between the surviving son and the surviving daughter, and that the son is entitled to receive his share absolutely, and that the share of the daughter shall be held in trust as directed by testator.

*Harry E. Keller* and *Francis Chapman,* for exceptant.

*Alexander Henry Carver, A. Evans Kephart* and *Robert T. McCracken,* contra.

VAN DUSEN, J., August 4, 1932.—The exceptant rightly concedes that the disposition of this case depends upon the proper meaning to be given to the phrase "my surviving children." A layman would suppose that a gift of principal to "my surviving children" after a life estate or after successive life estates would be a gift to those who survived the life estates. He would hardly think that the phrase was even ambiguous, and it only becomes so when confronted with the rule of construction which refers the word "surviving," prima facie, to the death of the testator. Upon this rule the argument of the exceptant dwells.

The rule is the result of favoring vested estates, and, of course, it must yield to the intent of the testator, if we can discover such intent in his will. In a simple case—to my wife for life, and after her death to my surviving children—the word may well refer to the death of the testator. But in this will it cannot do so.

Testator gives a life estate to his wife, with remainder to his four children, the two sons to receive their shares absolutely, and the two daughters to receive their shares in trust, with remainder to their issue, with power to their mother to vary the amount of their shares by will. If "either or both" of the sons and daughters die in the lifetime of their mother without issue, the mother has a power of appointment by will; and if she makes no will, then the four children are to get equal shares, those of the daughters in trust, with remainder to their issue. Testator then provides:

"But if (a) by the death of any of my said children dying during the lifetime of their mother, or (b) by reason of any of them dying without leaving a child or children or (c) from any cause whatsoever, any share or portion of my estate should be undisposed of, I hereby direct that such share shall be divided among my surviving children," the shares of daughters to be held in trust as above.

Of the four children, all survived their mother. Howard died without issue. Then Elizabeth died without issue. Either contingency (b) or (c) has happened. The gift to "surviving children" must mean the same thing in all three cases. In cases (a) and (b) testator is disposing of the share of one who is dead—a share which he regards as undisposed of for that reason. It can hardly be supposed that he intends to give part of such share, not to a substitute, but right back to the one whose share is being disposed of, and to others who are dead and gone. Yet if this share goes to all those who survived the testator, that must be the result. So much of the share as goes to a daughter does not go to the daughter absolutely, but in trust for the daughter and her issue. The daughter is dead and there are no issue; there is no one to take it. There must, therefore, be an intestacy as to that part of the share; which is to be avoided if possible. Exceptant, claiming in Howard's right, avoids the latter difficulty by asking for one-third instead of one-fourth, ignoring both the deceased Eliza-

beth and the widow. But there is no more reason for including Howard than Elizabeth.

"Surviving," therefore, must have meant to the testator only those who survived to the time of distribution, and the award to the two children then living was right. If this results in depriving those who might have benefited through Howard, such as his issue, or his creditors, or his widow, that is the testator's doing, and we cannot help it.

The exceptions are dismissed and the adjudication is confirmed absolutely.