# Reck's Appeal.

1. All mere technical rules of construction must yield to the expressed intention of a testator, if the intention be lawful.

2. A bequest was: "my wife to receive the interest of $1000; * * * and should the interest of the same be insufficient to provide for her, then as much of the principal as may be required. * * * After the death of my wife, the balance of the $1000 to be disposed of as the balance of my other property." The interest was insufficient for her support; she made a contract with Reck for her maintenance during life, but she made no demand for any of the principal : *Held*, that Reck could recover after her death the amount due him from the husband's executors out of the $1000.

3. The remaindermen took a vested interest at the testator's death, only in the balance of the $1000 remaining after providing for her maintenance.

4. After her death Reck recovered judgment against her administrator for her maintenance : *Held*, that in a proceeding against the executors, this, in the absence of collusion, was evidence of the correctness of his claim.

May 6th 1875. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Appeal from the Orphans' Court of *Adams county* : Of May Term 1875, No. 63.

[Reck's Appeal.]

In October 1874, John Blocher, administrator, &c., of Elizabeth Blocher, deceased, petitioned the Orphans' Court of Adams county, setting forth that Joseph Blocher, late of that county, deceased, by his will, proved June 22d 1866, directed that after his debts, &c., should have been paid, all the rest of his real estate should be sold: he then directed as follows :—

"It is my will that my beloved wife, should she be living at the time of my decease, receive the interest of $1000, being put to interest by my executors out of the purchase-money of my real estate; and should the interest of the same be insufficient to provide for her, then as much of the principal as may be required. Item.— It is my will and I do hereby direct that the proceeds of my estate, both real and personal, not otherwise herein disposed of, shall be divided to and among my three children, namely, my son Daniel Blocher, my son John Blocher, and my daughter Mary, intermarried with John Reck, share and share alike. * * * After the death of my beloved wife the balance of the thousand dollars to be disposed of the same as the balance of my other property ; and I do hereby make and ordain my son John Blocher, and my brother's son Eli Blocher, executors of this my last will and testament." * * *

The executors sold the real and personal estate of the testator, invested $1000, and paid the widow the interest annually on the 1st days of April 1868, 1869 and 1870; she died intestate in Huntingdon county, and administration of her estate was granted there to John Blocher.   A suit was brought in that county against the administrator by John Reck, No. 53, to the April Term of the Court of Common Pleas, for the support, funeral expenses, &c., of the widow—she having made no claim for any portion of the fund in her lifetime—and judgment was recovered by Reck against the administrator for $509.50.   The petitioner settled his account in Huntingdon county as administrator, charging himself with $50, the interest on $1000, which had accrued at the widow's death. Reck filed exceptions to'the account, asking that the accountant should be surcharged with so much of the principal of the $1000 in the hands of the executors of Joseph Blocher, deceased, as would pay the judgment and costs; the auditor, to whom the exceptions were referred, made a report, which being under consideration on exceptions, the Orphans' Court of Huntingdon county held the matter under advisement until the Orphans' Court of Adams county should make a decree ordering or refusing to order the executors of Joseph Blocher to pay to the administrator, &c., of Elizabeth Blocher, deceased, so much of the principal sum of $1000 as should be sufficient to satisfy the judgment, &c., recovered by Reck.

The prayer was that the court would make such order in the premises as might be right, &c.

The executors, &c., of Joseph Blocher joined in the prayer of:

the petition, but represented it as their opinion, as they had been advised, that the court ought not to require such payment to be made by them.

On the 8th of November 1874, the Orphans' Court of Adams county granted a rule on the parties interested to show cause why a decree should not be made requiring the executors, &c., of Joseph Blocher, deceased, to pay to Reck out of the $1000 so much as would satisfy his judgment.

The executors also answered, admitting substantially the facts in the petition. They also set out that the widow, on the 1st of April 1867, made a verbal agreement with Reck for her support and maintenance during life, and that she resided with him till her death; they then set out the suit and the judgment in favor of Reck, &c.

They averred :—

"That the suit brought by plaintiff only determines the contingency provided for in the will of Joseph Blocher, as to the $1000, and that the $1000 did not become a vested legacy at the death of Elizabeth Blocher, but upon the determination of the amount due for support and maintenance."

The statement filed in the suit by Reck against the administrator of the widow was :—

For boarding from April 1st 1867 to February 1st 1871  . $866
For cash paid physician for her medical attendance  .  .  4
For expenses, boarding guests at funeral, &c.,  .  .  . 20
For coffin  .  .  .  .  .  .  .  .  . 22
                                                    ————
                                                    $912

The court discharged the rule, Wills, P. J., saying, in concluding his opinion :—

"Elizabeth Blocher might have used the whole of the principal for her support, and this would have defeated the estate, but still it was a contingent future event which did not change the original vested character of the estate. This then being a vested estate, the interest of the legatees in remainder could be divested only by Elizabeth Blocher, the *cestui que trust* in her lifetime demanding from the executors the principal for her support and receiving the same. It was a matter personal to her. There could not be an implied contract raised on this to divest the interest of the legatees in remainder after the death of the widow. When she contracted the debt for boarding, it was a personal claim against her, and the trust fund could only be reached to pay it through her personal demand on the executors."

Reck appealed to the Supreme Court and assigned for error, that the court erred in discharging the rule to show cause why a decree should not be made directing the executors, &c., of Joseph Blocher

to pay Elizabeth Blocher so much of the principal sum of $1000 as would discharge Reck's judgment.

*H. E. Shaffer* and *H. B. Wood*, for appellant.

*D. McConaughy*, for appellees.—The legacy vested in the remainder-men at the death of the testator. An estate devised is to be construed absolute rather than contingent, if possible: Manderson *v.* Lukens, 11 Harris 31; Parkinson's Appeal, 8 Casey 455. Wherever the preceding estate is limited so as to determine on an event which certainly must happen, and remainder is limited to a person *in esse*, &c., such remainder is vested: Womrath *v.* McCormick, 1 P. F. Smith 504; Stehman's Appeal, 9 Wright 398. Where there is a distinct bequest of the interest to the widow for life, with a division of the principal at her death, the legacies in remainder are held to be vested: Provinchere's Appeal, 17 P. F. Smith 468; King *v.* King, 1 W. & S. 205; Reed *v.* Buckley, 5 Id. 517; Buckley *v.* Reed, 3 Harris 83; McGill's Appeal, 11 P. F. Smith 46; Balmain *v.* Shore, 9 Ves. 507; Monkhouse *v.* Holme, 1 Bro. C. C. 298. When the time is annexed to the payment, the legacy is deemed vested: McClure's Appeal, 22 P. F. Smith 414. A bequest after death of a particular person, to whom an antecedent interest is given in the same will, marks the time when the gift shall take effect in possession: Chew's Appeal, 1 Wright 23; Blamire *v.* Geldart, 16 Ves. 314; Horner's Appeal, 6 P. F. Smith 405; Young *v.* Stoner, 1 Wright 105; Ross *v.* Drake, Id. 373.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 17th 1875.

All mere technical rules of construction must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law not to attempt to construe that which needs no construction. The testator in the will before us has said, in plain unmistakable English, that his widow should receive during her life the interest of one thousand dollars, to be put at interest by his executors, "and should the interest of the same be insufficient to provide for her, then as much of the principal as may be required." After her death "the balance of the thousand dollars to be disposed of" the same as the balance of his other property. Nothing but this balance was given over, whatever that balance might be. The children entitled to this balance undoubtedly took a vested interest in it, that is, in case of their death before the widow, their respective shares would have passed to their personal representatives. But what that interest would be, would depend upon what the balance was. It is contended, however, that as the widow made no demand for any of the

principal during her lifetime, the whole fund went over. But where is that condition written in the will? The words are, "as much of the principal as may be required to provide for her." The testator may have well anticipated that a state of things might occur when others must provide for her. He did not mean that as long as the one thousand dollars lasted, she should be thrown upon public or private charity for support. Can it be doubted, then, that a person who has supplied her with necessaries, with nursing, and medical attendance during her last sickness, and a decent Christian burial on her decease, has an equitable claim upon this fund for reimbursement? It would be to make her sin in her grave to suppose that, with a right to call upon any part of the whole of this fund, she did not intend so to do in order to pay this honest and meritorious creditor. Her administrator then had a right to call for the amount necessary for this purpose. The judgment of John Reck against the administrator, in an action in which he alleged a special contract with the widow for her support, in the absence of any allegations of fraud or collusion with the administrator, was at least primâ facie, if not conclusive, evidence of the justice of the claim. We think, therefore, that the court below erred in refusing to grant the prayer of the petition of the appellant.

Decree reversed, and now it is ordered and decreed that the executors of Joseph Blocher pay to the administrator of Elizabeth Blocher such amount of the principal sum of $1000, bequeathed for the support of the said Elizabeth Blocher, as shall be necessary and sufficient to satisfy the debt, interest and costs of the judgment of John Reck in the Court of Common Pleas of Huntingdon county, No. 53, April term 1874, and that the costs of this appeal be paid by the appellees.