Irwin's Estate.

Argued April 23, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*D. C. Donoghue,* of *Donoghue, Gibbons & Donoghue,*
for appellant.

*J. A. Grubb, Jr.,* of *Newbourg, Butterworth & Grubb,*
for First National Bank, substituted trustee under will
of James A. Irwin, appellee, was not heard.

*Sidney E. Smith,* for *James McNair* and *Robert S. Irwin,* for appellees, was not heard.

PER CURIAM, May 25, 1931:

This appeal is from a decree of the Orphans' Court of Philadelphia County dismissing exceptions to and confirming adjudication of the first and final account of the Integrity Trust Co., substituted trustee under the will of James Irwin, deceased.

James Irwin died September 30, 1888, leaving a will which provides, among other items: "I give and bequeath to my son James A. Irwin and friend John Roberts, of Philadelphia, the sum of Forty thousand Dollars upon Trust to invest the same......and to pay the income thereof as the same shall become due and payable to my wife Ellen D. Irwin during the term of her natural life......, and upon her death to collect in the investments and to pay the same, share and share alike, to my children absolutely who shall be living at the time of my decease, and to the legal issue of any deceased child or children who shall as aforesaid survive said date by way of representation of such child or children......"

Ellen D. Irwin, testator's widow and life beneficiary of the trust, died on June 16, 1930; the present account of the fund was filed September 4, 1930.

At the time of his death testator was survived by eight children and by two grandchildren (James McNair Irwin and Robert S. Irwin, appellees), whose father, Nathaniel D. Irwin, predeceased testator. On the death of the life tenant only two of testator's children were living; the six children who survived testator but died during the life tenancy left issue surviving them. The court below awarded the trust estate, which showed a balance of principal of $37,048.04, in nine parts to testator's children living and to the representatives of deceased children.

Appellant, the son of one of testator's children who died during the life tenancy, contends the award should have been "to the children of testator who survived him and the issue of such children, the latter taking by way of representation of such parent," thus excluding the two children of Nathaniel D. Irwin who died in testator's lifetime. Appellant contends the grammatical form of the bequest necessitates such construction and the fact of testator's having provided a separate trust of $4,000 each, in another item of his will, for these two grandchildren, confirms this interpretation.

Whether or not grammatical rules would require such construction to be put on the words of testator, as appellant contends and appellees deny, it cannot be adopted as the intention of testator. As the court below states, "The use of incorrect or inaccurate language cannot defeat a testator's plain intent." Here, "A surviving child by the immediately preceding clause has already been given a vested share. As such child would be living at the time of the testator's death, and therefore entitled to take, the clause respecting his issue would then, of course, be of no effect [if interpreted according to appellant's contention]. We can attribute no intention to a testator of writing meaningless words in his will when another construction gives such words intelligent and proper meaning." The fact of the separate bequest to the two grandchildren whose father had already died is not evidence of an intention to exclude them from participating in the distribution of this trust; particularly as he makes a special bequest to another grandson also, whose mother, testator's daughter, survived testator.

The decree of the court below is affirmed at cost of appellant.