## McCarty's Estate.

Argued November 20, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Isaac J. Vanartsdalen,* with him *Edward G. Biester,* for appellant, No. 54.

*Thomas A. McNab* and *Robert G. Hendricks,* for appellant, No. 55, submitted a brief.

*Thomas Ross,* of *Ross & Ross,* with him *Wesley Bunting,* of *Bunting & Satterthwaite,* for appellees.

OPINION BY RHODES, J., January 30, 1940:

These appeals involve the construction of the last will and testament of Thomas Y. McCarty, deceased. The effect of the decree of the court below from which these appeals were taken was to deny the claims of appellants, Hubert J. McCarty and Isabella McCarty, grandchildren of testator, to a share of testator's residuary estate. Although there are two appeals, they will be disposed of in one opinion, as the interests of appellants are identical.

In his will, after directing payment of his debts, testator provided as follows:

"Second, I give and bequeath unto my grandson, Hubert McCarty [appellant herein], the sum of Two Hundred Dollars ($200), absolutely.

"Third: I give and bequeath to my granddaughter, Isabella McCarty [appellant herein] the sum of Two Thousand Dollars ($2000) absolutely.

In the fourth paragraph there is a bequest to the pastor of a certain church. Then follows the residuary clause, wherein testator stated:

"All the rest, residue and remainder of my estate ......, I give and bequeath to my children in equal shares absolutely, the child or children of any deceased child to take its parent's share."

The will is dated September 8, 1933, at which time there were five children of testator living, and the two grandchildren, above named, the son and daughter of testator's son Angelo, who died September 13, 1915, eighteen years prior to the execution of the will. All of these persons survived the testator, who died August 20, 1934.

In construing this will our objective must be to as-

certain and give full effect to the intention of testator as it appears from the four corners of the will, bearing in mind that every will is in a sense unique, and precedents are of little value. *Brennan's Estate,* 324 Pa. 410, 188 A. 160.

The primary legatees under the residuary clause are testator's children, and it is not contended, nor could it very well be, that the term "children" includes appellants under the circumstances of this case. In an early case (*Hallowell v. Phipps,* 2 Whart. 376), it was held that a bequest to children does not include grandchildren except in two instances—"from necessity, which occurs when the will would remain inoperative, unless the sense of the word 'children,' were extended beyond its natural import; and where the testator has clearly shown by *other* words that he did not intend to use the term 'children,' in the proper actual meaning, but in a more extensive sense." This rule has been frequently reiterated, and still prevails. See *Worstall's Estate,* 125 Pa. Superior Ct. 133, 140, 190 A. 162, and cases therein cited. As there are children of testator who will take under the residuary clause in question, it will not become inoperative although the claims of appellants be rejected. There are no "other words" indicating that "children" should receive a broader construction. On the contrary, it would appear that testator had clearly in mind the distinction between "children" and "grandchildren," because in the second and third paragraphs of his will he referred to appellants as his "grandson" and "granddaughter," respectively.

The gift "to my children" is a gift to them as a class. *Wood's Estate,* 321 Pa. 497, 500, 184 A. 13; *Worstall's Estate,* supra, p. 137. The question is whether appellants, children of a deceased member of the class who died prior to the making of the will, are entitled to take the share which their parent would have taken if living

at the date of the will, by virtue of the provision for the children of a deceased child to take their parent's share. The answer depends upon whether such provision constitutes a substitutional, or an original and substantive, gift. 69 C. J. §§1366, 1367.

The provision for "the child or children of any deceased child to take its parent's share" would have been supplied by the law if testator had omitted it. Wills Act of June 7, 1917, P. L. 403, §15 (a), 20 PS §251. Appellants contend that this is not without significance, and that it indicates the intent of testator to make a substantive gift to the children of any deceased child of testator, because the words were unnecessary in view of the statute. On the other hand, appellees argue that the clause was added by the scrivener merely from excess of caution, just as he inserted a direction for the payment of debts, which as long ago as *Agnew v. Fetterman*, 4 Pa. 56, 62, was characterized as "a formal direction, which means absolutely nothing."

In those cases where the gift was to a class and the statute was invoked to prevent the lapsing of the share of a deceased member of the class, it has been held that the legatee must have been living when the will was made, or some time thereafter before testator's death, otherwise his issue took nothing. *Worstall's Estate*, supra. Unless the clause here in question was intended to do more than the statute, and give an original and substantive gift to appellants, we think the same rule would apply, and that they could take no share of the residuary estate. But appellants contend by virtue of this clause they do take as direct legatees.

It is apparent from the will that testator had in mind two groups of beneficiaries, namely, his grandchildren and his children. He first provided specifically for his grandchildren, and then, under the impression that his wishes in that respect had been accomplished, testator

passed on to distribute what remained of his estate to the other group, his children. The will indicates that at this point they were the only beneficiaries under consideration.[1]

The construction of the sentence which gives rise to the diverse contentions lends support to this view. The phrase "the child or children of a deceased child to take its parent's share" is entirely dependent upon the preceding clause "the proceeds derived therefrom I give and bequeath to my children in equal shares absolutely" for its meaning. The parent and "deceased child" referred to in the former clearly refer to one of the "children" mentioned in the latter. The present language is not like that in the examples cited in 69 C. J. §1367, as follows: "Thus, if the gift is to the members of a class 'then living, or their issue,' it is construed to mean 'those then living and the issue of those then dead,' thereby including the issue of those dead at the date of the will, since such issue take original shares. So also, where there is a gift to the children of A and then a gift to the issue of any child who may be dead,

---

[1] The court below in its opinion points out that distribution of the estate in accordance with appellants' contention would create inequality and discrimination by the testator against his children, and that "There is nothing in the will to furnish any explanation why the testator should have preferred his grandchildren over his children, and we do not think such was his intention." The result would be as follows:

| | | |
|---|---|---|
| Net value of estate .............. | | $11,232 |
| Specific legacies to appellants ...... | $2,200 | |
| Legacy to Church Pastor ........ | 600 | 2,800 |
| Residuary estate ........... | | $8,432 |
| Divided into six shares (to include appellants for one share) ........ | $1,405+ | |
| To which add specific legacies to appellants ..................... | 2,200 | |
| Would give appellants .............. | | $3,605+ |
| Contrasted with share of each of the five children ..................... | | $1,405+ |

of the share which the parent would have taken if living, this is really a gift to the issue of the share which the parent of the issue would have taken if living at the death of the testator, and may include the issue of a parent dead at the date of the will, under the principle just stated." Nor is it like the will in *Irwin's Estate*, 304 Pa. 200, 155 A. 432, where a grandson, child of a child of testator who had died prior to the execution of the will, was held entitled to a share under a provision of the will whereby a trust was to terminate upon the death of testator's widow, and the trustees were directed "to pay the same, share and share alike, to my children absolutely who shall be living at the time of my decease, and to the legal issue of any deceased child or children who shall as aforesaid survive said date by way of representation of such child or children. ......"

The will in question is a formal instrument, and phrased in appropriate legal terminology. Had it been the intention of testator to include appellants among those who were to share in his residuary estate it could have been accomplished by the addition of a few words which would have put the matter beyond all doubt. The fact that this otherwise carefully drawn instrument fails to do so cannot be ignored. Our conclusion is that the gift to the "child or children of a deceased child" was substitutional. Consequently, appellants are not entitled to their parent's share of the residuary estate for, having died prior to the execution of the will, he was never a member of the class constituting the primary legatees.

Assignments of error are overruled.

Decree is affirmed. Each appellant to pay the costs of his or her respective appeal.