## Brown Estate.

Argued January 6, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Wendell E. Warner,* with him *Vincent P. McDevitt,* for appellant.

*Charles Myers,* with him *Bruce W. Long* and *Barnes, Dechert, Price & Smith,* for appellee.

OPINION BY MR. JUSTICE DREW, March 20, 1944:

This is an appeal by William White, Guardian of the Estate of Andrew W. Porter, Jr., a minor, from a decree of distribution entered by the Orphans' Court of Delaware County pursuant to its interpretation of the provisions of a trust created by the will of John A. Brown, Jr., who died July 17, 1919.

The portion of testator's will, the construction of which brings about the present controversy, is contained in the 4th clause,* wherein a residuary trust is set up.

---

* "And IN TRUST, upon and after the death of my said wife Harriet Etting Brown, without leaving surviving her a child or children of mine by her, or a child or children or a deceased child of mine by her, to pay the net income from my estate, real and personal, in the following manner: One-half thereof in equal shares to and among Henry B. Coxe, Alexander Brown Coxe and Charles E. Cox, the children of my sister, Isabel Brown Coxe, now deceased, for and during their respective natural lives, and upon the death of each or any one of the said Henry B. Coxe, Alexander Brown Coxe, or Charles E. Coxe before or after my death, to pay one-third of one-half [now one-fourth] of the net income of my residuary estate to the child or chil-

Henry B. Coxe, one of testator's named nephews, died October 13, 1930, leaving to survive him three children, Ruth Coxe Stokes, Henry B. Coxe, Jr. and Catherine Coxe Porter, all of whom were born prior to the time of testator's death. On March 3, 1931, Catherine Coxe Porter died, leaving to survive her two children, Ruth Porter and Andrew W. Porter, Jr., who were born April 20, 1922, and January 16, 1925, respectively. The testator's widow, Harriet Etting Brown, died August 20, 1940, without issue, after which the trustee filed its account, which was adjudicated by the court below on October 14, 1941, and October 29, 1941. Since Ruth Porter, the elder of the two children of Catherine Coxe Porter, became of age April 20, 1943, the trustee filed the present account, and asked that distribution be awarded as follows: "22/24ths to the Accountant to hold the same in trust for the purposes declared in the Will, 1/24th, being the share held in trust for Andrew W. Porter, Jr., to the party or parties entitled thereto, and 1/24th to Ruth Porter."

The only question raised at the audit was as to the distribution of the 1/24th interest of the corpus held in trust for Andrew W. Porter, Jr. The guardian of the estate of the minor contended that under the will this trust terminated and his ward's 1/24th interest in the principal vested upon his sister, Ruth Porter, reaching her majority, and, therefore, his proportionate share should now be distributed to the guardian of this minor's estate. The trustee argued, and the learned auditing

dren, in equal shares, of the one of my said nephews so dying, who were living at the date of my death, for their natural lives, *and upon the death of each of said child or children, to pay the share of the said income of the child so dying to his or her child or children until such child or the eldest of such children shall reach the age of twenty-one years, and thereupon to pay over to each of such children a principal part of my residuary estate representing their respective interests therein, as determined by the share of the income theretofore payable to such child or children as herein provided; . . ."* (Italics added.)

judge held, that it was the intention of testator that the interest of Andrew W. Porter, Jr. in the corpus, although vested, was subject to divestiture by his own decease prior to becoming twenty-one years of age, and further that the trustee should retain the minor's share until he arrived at maturity. Upon dismissal of his exceptions, the minor's guardian appealed.

From a careful reading of the entire will, and particularly the above quoted portion thereof, it readily appears that it was testator's intention that prior to the time fixed for payment of principal, no beneficiary was to have a right to anything but his or her proportionate share of income. Testator, so far as his collateral beneficiaries were concerned, fixed but one period for distribution of principal among all the members of any class, i.e. where but one child in the class, when he or she reached majority; where more than one, when "the eldest of such children shall reach the age of twenty-one years." Survival to the time fixed for distribution of the corpus is made a condition precedent to be fulfilled before the future interest of the member of any class is to ripen into a present interest.

The will was skillfully drawn and testator's language clearly discloses his intention without resort to artificial rules of construction. "It is a rule of common sense as well as law not to attempt to construe that which needs no construction": *Reck's Appeal,* 78 Pa. 432, 435. At the moment Ruth Porter, the elder of the children of testator's grand niece, Catherine Coxe Porter, reached her majority on April 20, 1943, not only her 1/24th interest in the principal became vested and payable, but also that of her younger brother, Andrew W. Porter, Jr. Therefore, the learned court below erred in refusing to direct distribution of the vested interest of Andrew W. Porter, Jr., to appellant, guardian of that minor's estate.

Decree reversed, and record remitted to the court below for further proceedings consistent with this opinion.