## Anglemyer, Administratrix, v. Doll et ux.

*Russell L. Mervine*, for plaintiff.

*Leo A. Achterman*, for defendants.

DAVIS, P. J., April 6, 1953.—The question to be determined in this proceeding is, Did Emma Holtz, executrix of the estate of Mary Warner, deceased, have the legal right and authority under the last will and testament of Mary Warner, deceased, to accept from Joseph Kresge a deed for certain real estate bound by the lien of a certain judgment in favor of said estate in the sum of $2,000 and satisfy said judgment?

It is agreed that Joseph Kresge was not able to pay the amount due on this obligation; that he owned no other property from which the obligation might have

been collected, and that decedent held no other lien against Joseph Kresge.

In the first numbered paragraph of decedent's will she provides:

"First—I name my daughter Mrs. Emma Holtz of Gouldsboro Wayne Co., Pa. as Executor, vesting her with *full and complete power to carry out the provisions* named in this will". (Italics supplied.)

In the fourth paragraph of decedent's will she provides:

"Forth—.I direct she take full charge of and make collection of intrest and payment on the mortgage of $2,000 against Joseph Kresge occupying the Warner farm at Reeders Pa. and to deposit all money so collected or handled to the joint account of said Jennie Warner and said Emma Holtz. I further direct the said Emma Holtz to make prompt collections from the said Joseph Kresge and should the occasion so demand to take any and all legal steps necessary to safe guard the intrest of my heirs."

In the seventh paragraph of decedent's will she provides:

"Seventh—.Looking into the future and making possiable provisions for an emergancy should the Warner farm be taken back by the executor, from Joseph Kresge and later sold at a higher figure I direct an equal distribution above $3,000 to my remaining daughters and son."

The Act of June 7, 1917, P. L. 447, sec. 41(a) 4, as amended, 20 PS §805.1, and the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 512, 20 PS §320.512, provides that the personal representative may take for the estate from the owner of property encumbered by a mortgage owned by the estate a deed in lieu of foreclosure. Thus it will be seen that if testatrix had possessed the type of lien which she apparently believed she had as indicated by referring to it in the will as a

mortgage, there would have been ample authority for her executrix to do what she did without resorting to the will for that authority. Of course referring to a judgment as a mortgage does not make it a mortgage and the statute relating to mortgages therefore is not helpful in this case. However, in determining the intent of testatrix from the language of the will we deem the fact that she considered this lien a mortgage pertinent. In the fourth paragraph of the will testatrix does not use the permissive term *authorize* but using an imperative term *directs* that the executrix take full charge of and make collections of interest and *payment of the mortgage*. This sentence clearly shows an intent on the part of testatrix to require her executrix to see that the terms of this obligation referred to as a mortgage were complied with. To emphasize the matter, the next sentence provides as follows:

"I further direct the said Emma Holtz to make prompt collections from the said Joseph Kresge and should the occasion so demand to take any and all legal steps necessary to safe guard the intrest of my heirs."

This whole paragraph shows that the chief concern of testatrix was the safeguarding of the interest of her heirs. The executrix was faced with the proposition that the obligation was in default and the debtor had no other assets except the real estate involved. A foreclosure would involve substantial costs. The taking of a deed would be inexpensive. Clearly the interest of the heirs could be safeguarded best by taking a deed from the obligor. This was particularly true under the financial conditions existing in the mid-thirties.

In the seventh paragraph of the will the following language, "Looking into the future and making possiable provisions for an emergency should the Warner farm *be taken back* by the executor, from Joseph Kresge", indicates that testatrix had in mind the pos-

sibility that the obligation would not be paid according to its terms and her executrix would have to resort to the real estate.   (Italics supplied.)

The direction of testatrix to her executrix in paragraph 4 to take full charge of and make prompt collection of interest and payment of the obligation, and should the occasion so demand, to take any and all legal steps necessary to safeguard the interest of her heirs, in our opinion, constitutes at least an implied grant of the power to take the deed in question.   When we consider this paragraph along with paragraph 7 wherein testatrix considers the possibility that the farm may be taken back and then directs how distribution shall be made if it is done, we believe there is created an express grant of the right of this executrix to take the deed in question under the agreed circumstances. This conclusion is buttressed by the investment of her executrix in paragraph 1, "with full and complete power to carry out the provisions named in this will".

"In construing this will our objective must be to ascertain and give full effect to the intention of testator as it appears from the four corners of the will, bearing in mind that every will is in a sense unique, and precedents are of little value: Brennan's Estate, 324 Pa. 410, 188 A. 160"; McCarty's Estate, 138 Pa. Superior Ct. 415-16.

"It has been long and well settled, and indeed it is a principle so consonant to reason that the only wonder is that it should ever have been questioned, that all the surrounding circumstances of a testator—his family, the amount and character of his property—may and ought to be taken into consideration in giving a construction to the provisions of his will": Postlethwaite's Appeal—Shirey's Estate, 68 Pa. 477, 480.   Also see Morrison Will, 361 Pa. 419, 421.

A power which is beneficial must be liberally construed: Cresson et al. v. Ferree, 70 Pa. 446.

*Decree*

And now, April 6, 1953, it is adjudged and decreed that Emma Holtz, executrix under the last will and testament of Mary Warner, had authority to accept the deed from Joseph Kresge in satisfaction of decedent's judgment against him and that a deed from Della Anglemyer, administratrix d. b. n. c. t. a. of the Estate of Mary Warner, deceased, will pass a good and marketable title to the real estate acquired by the deed from Joseph Kresge insofar as the right of Emma Holtz, executrix, to accept the deed is concerned. The other questions submitted in the case stated were withdrawn from consideration by stipulation by counsel and have not been considered. Therefore, judgment is entered for plaintiff.