**Eckert Estate**

*John O. Platt, Jr.* and *Norman H. Brown,* for accountants.

*Robert W. Lentz* and *Joseph A. Damico, Jr.,* for objector.

MacELREE, P. J., July 30, 1970.—. . . Other than awarding distribution in accordance with decedent's will and codicil thereto, the following question has been submitted to the court:

"By codicil dated January 16, 1968, decedent provided: 'I am presently the owner of a mortgage on 4119 Meadow Lane, Echo Valley, Newtown Square, Pennsylvania, which is presently occupied by my son, Karl. If at the time of my death I am still the owner of that mortgage and if my son Karl is then occupying the premises as his home, I give, devise and bequeath the mortgage and any accumulated unpaid interest thereon to him.'

"Decedent did not own such a mortgage. Among the assets of the estate is a $10,000 note of Karl Dodge, Jr., dated October 5, 1965. Accountants have been informed that Karl Dodge, Jr. will claim that by the provisions of this codicil decedent intended to give him the $10,000 note. Accountants believe that the legacy of the mortgage is adeemed."

Under date of June 4, 1970, Karl Dodge, Jr., filed objections to the account and statement of proposed

distribution, incorporated herein by reference thereto.

The objections, in effect, request that this court:

"(a) Find that a latent ambiguity and/or mistake exists on the face of the third codicil of the last will and testament of the decedent since no mortgage as such actually exists or ever did exist and decedent at all times mistakenly referred to the note as a "mortgage."

"(b) Find that the indebtedness of the note, together with unpaid interest, was the actual legacy intended by the third codicil of the last will and testament of the deceased."

In that connection, a stipulation of facts was filed of record July 27, 1970, duly executed by counsel for the accountants and counsel for the objectant and incorporated herein by reference thereto.

As stated in Benedum Estate, 427 Pa. 408, 412,

"It is now hornbook law (1) that the testator's intent is the polestar and must prevail; and (2) that his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will and (b) his scheme of distribution and (c) the circumstances surrounding him at the time he made his will and (d) the existing facts."

In the subject estate, the facts as stipulated make it abundantly clear that on October 5, 1965, decedent loaned to her son, Karl Dodge, Jr., the sum of $10,000 in order to permit him to make a down payment for the purchase of premises 4119 Meadow Lane, and she took as security for said loan a demand note dated October 5, 1965, payable at the Girard Trust Bank, which decedent apparently construed as being a lien in her favor on said premises and in her lay mind considered it "a mortgage."

While as pointed out in the brief of counsel for the objectant, the term "mortgage" is unambiguous,

nevertheless we share his opinion that the extrinsic facts and admissions clearly mark this third codicil as a case of latent ambiguity and such an ambiguity may be explained: Logan v. Wiley, 357 Pa. 547; Irwin's Estate, 304 Pa. 200, 202; Brooklyn Trust Co. v. Warrington, 277 Pa. 204.

A latent ambiguity is defined in Miller's Estate (no. 1), 26 Pa. Superior Ct. 433; and Mizener's Estate, 262 Pa. 62.

Having carefully considered the stipulation and the cases cited on behalf of the objectant, we are convinced that the bequest of the "mortgage" by testatrix indicates clearly that decedent was aware of the fact that a debt was outstanding which Karl Dodge, Jr., owed to her and that it was her intent to bequeath the evidence of such indebtedness to him.

While the testimony of Karl Dodge, Jr., was not challenged, this court is of opinion that his testimony was admissible under the dead man's rule, Act of May 23, 1887, P. L. 158: Dalbey's Estate, 326 Pa. 285; Gerlach Estate, 364 Pa. 207; Gelb Estate, 425 Pa. 117, 121.