## Dickhart Estate

*Samuel Lander*, for accountant.

*Murray H. Shusterman,* guardian and trustee ad litem, p.p.

*Nancy Rothkopf,* for Commonwealth.

KLEIN, A. J., April 5, 1974.—This testator died October 21, 1935, leaving a will dated February 9, 1935, in which he left a substantial residuary estate to his son, William W. Dickhart, Jr., in trust to pay the income to testator's wife, Ann E. Dickhart, for life (she died November 18, 1940); upon her death to pay the income to his sons, William W. Dickhart, Jr. and Wallace H. Dickhart, for life; upon the death of a son without issue (Wallace died January 11, 1957, without issue but survived by his wife Alice) to pay his share of income to his wife for life; upon the death of a son with wife and issue, to pay his share of income one-

half to his wife and one-half in equal shares to his issue; and upon the death of the last survivor of his sons, their wives, and his grandchildren, William W. Dickhart, 3rd and Leona Dickhart, to distribute the principal to the then living issue of his sons, per stirpes.

William W. Dickhart, Jr., the executor and trustee named by testator, died April 1, 1973, without ever having filed an account in either capacity. The executors of his estate, Leona E. Dickhart and William W. Dickhart, 3rd, have filed an executor's account covering the period October 21, 1935, to about December 31, 1936, the date of the last entry therein, which is the subject of a separate adjudication, and they also filed the present trustees' account for the period November 1936 to April 1, 1973. By Item NINTH of testator's will, William W. Dickhart, 3rd, was designated as successor-trustee to William W. Dickhart, Jr.

Alice Dickhart, Wallace's widow, is still living and receives his share of income from the trust. William W. Dickhart, Jr., was survived by his wife, Leona E. Dickhart, and two children, William W. Dickhart, 3rd, and Leona D. Crawford.

Leona D. Crawford has two minor children, Leona E. Crawford, born July 19, 1957, and Carey D. Crawford, born June 3, 1963, who have contingent interests in the principal of the trust. By decree of this court dated November 16, 1973, Murray H. Shusterman, Esq., was appointed guardian ad litem for these minors and trustee ad litem for all unborn and unascertained interests. Mr. Shusterman filed a written report in which he pointed out the difficulties faced by the present accountants in reconstructing the events of more than 37 years from the inadequate records kept by the executor-trustee. He concludes that, despite the

poor records, the estate appears to have been managed in commendable fashion. As he puts it, "It must be recognized that although the executor-trustee has done a phenomenal job of saving an estate, he did it in a very unbusinesslike manner."

The reason for filing the present account is the death on November 1, 1940, of Ann E. Dickhart, testator's wife and life tenant; the death on January 11, 1957, of Wallace H. Dickhart, testator's son and life tenant; and the death on April 1, 1973, of William W. Dickhart, Jr., testator's son, life tenant and trustee.

Evidence of payment of Pennsylvania inheritance taxes of $400 on June 13, 1941, $32.44 on February 15, 1945, and $2,388.37 on March 1, 1948, was submitted to the auditing judge. Ms. Rothkopf appeared for the Commonwealth of Pennsylvania, claiming such inheritance tax as may be due and assessed, without prejudice to the right of the Commonwealth to pass on debts and deductions, and the awards will be made subject to that claim.

All parties in interest are stated to have received notice of this audit.

In the statement of proposed distribution, the accountants suggest that income accrued after the death of William W. Dickhart, Jr., be awarded one-half to Alice D. Dickhart, the widow of Wallace, one-fourth to Leona E. Dickhart, the widow of William W. Dickhart, Jr., and one-eighth to each of the latter's children, William W. Dickhart, 3rd, and Leona D. Crawford. This represents a stirpital distribution of income. Mr. Shusterman contends that this is not correct. He takes the position that testator's will calls for a per capita rather than stirpital distribution. If his view prevails, the two living minors whom he represents would also share in the distribution

of income to the same extent as William W. Dickhart, 3rd, and Leona D. Crawford.

The applicable provision of the will is found in Item SIXTH and reads as follows:

". . . upon the death of either of my said sons leaving issue him surviving, I direct that his share of the income shall be paid one-half to his wife and the other one-half in equal shares to his issue and upon the death or remarriage of his wife, then the entire income shall be paid to his issue, and upon the death of the last survivor of my two sons, William W. Dickhart, Jr. and Wallace H. Dickhart, and their respective wives, Leona Dickhart and Alice Dickhart, and my grandson, William W. Dickhart, 3rd, and my granddaughter, Leona Dickart, I direct that the principal shall be paid to the then living issue of my two sons per stirpes upon the principle of representation, . . ."

Mr. Shusterman argues that a gift to "issue" without any other qualifying words is generally construed as directing a stirpital distribution, citing Mayhew's Estate, 307 Pa. 84 (1932), and Hunter, Wills, §9(b), and that words "share and share alike," "divide in equal shares,;; and similar words indicate a per capita distribution, citing Davis's Estate, 319 Pa. 215 (1935); Craighead Estate, 2 D. & C. 2d 301 (1955); and Hunter, Wills, §9(f).

In England Estate, 414 Pa. 115 (1964), at pages 118-19, Mr. Justice Roberts quotes with approval the following language from the adjudication of this court:

" 'In the construction of testamentary writings the testator's intention is all-important; Dinkey Estate, 403 Pa. 179, 182 (1961); Hope Estate, 398 Pa. 470 (1960); Bald Estate, 385 Pa. 176 (1956). If the language

employed by the testator in disposing of his estate is plain and clearly discloses his intention, the will interprets itself, and no rules of construction are necessary to aid in its interpretation: Wood v. Schoen, 216 Pa. 425 (1907). See also Wharton Appeal, 373 Pa. 360 (1953); Haydon's Estate, 334 Pa. 403 (1939). It is a matter of common sense, as well as of law, not to attempt to construe that which needs no construction: Brown Estate, 349 Pa. 23, 26 (1944); Reck's Appeal, 78 Pa. 432 (1875); Rzedzianowski's Estate, 148 Pa. Superior Ct. 361 (1942).'

" '. . .

" ' "A will must be so construed, if possible, as to give effect to every word employed by the testator and a construction which renders any of the words nugatory and futile must be rejected." Vandergrift Estate, 406 Pa. 14, 26 (1962). See also: Collins Estate, 393 Pa. 519 (1958); Hollenbaugh Estate, 402 Pa. 256 (1961). We cannot attribute to a testator an intention to write meaningless words into his will, when another construction gives such words intelligent and effective meaning. Irwin's Estate, 304 Pa. 200 (1931). Unless no other conclusion is reasonably possible, an interpretation will not be adopted which makes any of the provisions of a will mere surplusage. Moyer's Estate, 280 Pa. 131 (1924).' "

Testator's intention in the present case, although somewhat ambiguously phrased, is, in our opinion, clear. He directed that upon the death of his son, his share of income shall be paid one-half to his son's wife and the other one-half "in equal shares to his issue," and when the wife died or remarried, then the son's entire share of income "shall be paid to his issue." If we were to adopt the construction suggested by Mr. Shusterman, upon the death of William W. Dickhart, Jr., one-half of his share of income would be divided equally among his two children and two

grandchildren; and upon the subsequent death of his wife, his entire share of income would be paid to his children only, and the right of the grandchildren to share would be terminated. Merely to state the proposition is to demonstrate its invalidity. Such a contrived and meaningless distribution of income is quite inconsistent with what is otherwise a logical plan developed by testator in his will.

If we give effect to every word employed by testator, as we must, we are led inescapably to the conclusion that he intended a stirpital distribution of income among the issue of his children until the death of the last survivor of his sons, their wives, and his two grandchildren, and then a stirpital distribution of principal to the issue of his sons. As we said in England Estate, supra, " 'This is the time-honored, almost universal scheme of testamentary distribution of income prior to the termination of a trust. And this is the natural interpretation of testator's language in the present case.' " For a recent discussion of this question, see Hamilton Estate, 454 Pa. 495 (1973).

We, therefore, accept the distribution suggested by the accountants as reflecting the correct construction of Item SIXTH of the will and the awards herein will be made accordingly.

Mr. Shusterman has requested compensation for his services as guardian and trustee ad litem in the sum of $3,000. In view of the unusual circumstances of this case and the additional burden placed upon the guardian and trustee ad litem, the auditing judge is of the opinion the compensation requested is fair and reasonable. There was no objection by any party in interest and it will be so awarded to be charged against principal. . . .

And now, April 5, 1974, the account is confirmed nisi.