## Alburger's Estate (No. 2).

*Wills—Construction—Vested and contingent remainders — **Division** and payment.*

1. Where a particular estate is created and the ulterior estate is disposed of by an event which determines the prior estate, the words describing such event as "upon the decease of my said widow," will ordinarily be construed as referring to the period of determination or enjoyment of the prior gift or estate, and not to the vesting of the estate that follows.

2. Where the estate that follows is then brought into being through a direction to pay and divide among surviving brothers and sisters, if living, the description of the event which determines the prior estate will be construed not only as determining the possession or enjoyment of the prior gift, but as being designed to postpone the vesting of the ulterior estate there granted.

3. Where the gift is implied from a direction to pay and divide, it is contingent unless, under the peculiar circumstances of the devise, or from the whole will, a contrary intention appears or the devise is postponed to let in some other interests.

4. If there is a present right to future possession the estate is vested, but, where the time fixed for enjoyment is joined with and a part of the description creating the interest, there is not a present right to future enjoyment, but a contingent one.

5. Where a testator creates a trust for the life of his widow, and directs that upon her decease the trustees shall "divide the principal of my ,said residuary estate to and among my surviving brothers and sisters, and the issue of such of my brothers and sisters as may be deceased, such issue to·take only the share which their deceased parent would have taken if living," the remainder is contingent, and no award out of the residuary estate will be made to the representatives of brothers and sisters who died before the widow's death leaving no issue to survive.

6. In such case it was the intention of testator to give his estate to his brothers and sisters, or to the issue of his brothers and sisters surviving or living at the death of his widow.

*Wills—Construction—Application of rules of construction.*

7. Artificial rules of construction have no place in determining the intention of the testator where the intention is reasonably clear from the will itself.

Argued January 17, 1922. Appeals, Nos. 188 and 237, Jan. T., 1922, by John Metzger, assignee of deceased heir, from decree of O. C. Phila. Co., Jan. T., 1900, No. 250, dismissing exceptions to adjudication, in estate of Philip H. Alburger, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GEST, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by LAMORELLE, P. J. See 30 Pa. Dist. R. 301.

John Metzger, assignee of deceased heir, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Paul Reilly,* for appellant.—It is the policy of the law of Pennsylvania to hold the remainder vested rather than contingent: Groninger's Est., 268 Pa. 184; Hood v. Maires, 255 Pa. 128; Bair's Est., 255 Pa. 169; McClellan's Est., 221 Pa. 261; Rau's Est., 254 Pa. 464; Neel's Est., 252 Pa. 394.

The will spoke as of testator's death and the word "surviving," modifying "brothers and sisters," means surviving at testator's death: Morris's Est., 270 Pa. 120; Long's Est., 270 Pa. 480; Kohl v. Kepler, 266 Pa. 522; Fetrow's Est., 259 Pa. 89; Black v. Woods, 213 Pa. 583; Shallcross's Est., 200 Pa. 122; Passmore's App., 23 Pa. 381.

The word "divide" does not imply any delayed vesting of the remainder: Long's Est., 270 Pa. 480; Morris's Est., 270 Pa. 120; Groninger's Est., 268 Pa. 184; Jennings's Est., 266 Pa. 60; Marshall's Est., 262 Pa. 145; Stocker's Est., 260 Pa. 385; Bair's Est., 255 Pa. 169; Reed's App., 118 Pa. 215.

The gift to the issue of deceased brothers and sisters, in substitution for their parent, does not in any way prevent the vesting of the remainder at testator's death: Jennings's Est., 266 Pa. 60; Fetrow's Est., 259 Pa. 89; Rau's Est., 254 Pa. 464; Womrath v. McCormick, 51 Pa. 504; Milligan's Est., 244 Pa. 161; Massey's Est., 235 Pa. 289.

*Joseph W. Kenworthy,* with him *George C. Klauder,* for appellees, cited: Moore v. Smith, 9 Watts 403; Groninger's Est., 268 Pa. 184; Man's Est., 160 Pa. 619; Stocker's Est., 260 Pa. 385.

OPINION BY MR. JUSTICE KEPHART, March 20, 1922:

The question presented by these appeals is one that has been before the court many times. The clause disposing of testator's residuary estate reads, "shall pay over the net income......to my wife......for......her natural life, and, upon......decease of my......wife, to divide

the principal of my said residuary estate to and among my surviving brothers and sisters and the issue of such of my brothers and sisters as may be deceased, such issue to take only the share which their deceased parent would have taken if living."

It is appellant's contention this estate vested in the brothers and sisters living at the death of the testator, or their issue, and the period of enjoyment alone was postponed. The court below was of opinion the remainder was contingent, and declined to allow an award to the representatives of brothers and sisters who died before the widow's death leaving no issue to survive. The question presented is not altogther an easy one. When we look at the will from the standpoint of a layman, we are impressed at once with the thought testator intended to give his estate to his brothers and sisters, or the issue of his brothers and sisters surviving or living at the death of his widow. The court below held the remainder was contingent from different points of view. This divergence in thought is brought about because the words used to express testator's intent make it a close case; the difficulties arise, not from anything testator refrained from doing, as witness the general import of the will, but from the adjudicated cases, wherein, through the application of artificial rules of construction to similar wills, there is in this case introduced a doubt which otherwise would not exist. These rules of construction have no place in determining the intention of a testator where it is reasonably clear from the will itself, but, when we compare the language of wills there disputed, we find a remarkable similarity in thought, with legal conclusions therefrom not altogether harmonious, and it would be more than difficult for the writer of this opinion to follow the finely spun threads of difference used in emphasizing the distinguishing element of each. Litigation of this class is always difficult, for its correct determination involves to a large extent scientific and psychologic study of the personal factor in the equation, dealing with

moral obligations as expressed in words, with a view of determining the latter's relation to the state of mind of one since deceased, and as coinciding with fixed rules of law governing the transmission of property,—that is, regulating the acts which a man may or may not do with respect thereto, or regulating the disposal which a man may make of his property.

Testator's will seems to indicate an intention to create an estate, to begin and take effect at the widow's death, and it first appears as such from the direction to pay and divide the principal; the persons who are to take are the persons to be then ascertained as in being "among my surviving brothers and sisters"; and, reasoning from the substitutionary bequests, it is made more certain, for it then appears "among my surviving brothers and sisters," "if living," and, if not living, the issue of such brothers and sisters are substituted, to take only the share their deceased parent would take. It means, moreover, the issue of the deceased parent could take only if the deceased parent was not living at the death of the life tenant. Much of the language of this clause would have been unnecessary if testator had intended the brothers and sisters to have a vested remainder, and were not to be alive at the time of distribution. Here the time fixed for the enjoyment, as well as the description of the thing to be enjoyed, made up the entire ulterior estate by a specific clause of the will, so that the period fixed is annexed not only to the payment and division, but also to the gift or devise itself, arising from division and payment. It follows, then, that the individuals to take could not be ascertained until the determination of the life estate. And, while this was a fixed, determined period, as the widow must die, the uncertain event was the survival of brothers and sisters, or issue of brothers and sisters.

Where a particular estate is created and the ulterior estate is disposed of by an event which determines the prior estate, the words describing such event as "upon the decease of my said widow" will ordinarily be con-

strued as referring to the period of determination or enjoyment of the prior gift or estate, and not to the vesting of the estate that follows. But, where the estate that follows is then brought into being through a direction to pay and divide among surviving brothers and sisters, if living, the description of the event which determines the prior estate will be construed not only as determining the possession or enjoyment of the prior gift, but as being designed to postpone the vesting of the ulterior estates there granted.

There was no direct or express gift to the brothers and sisters, and it only arose from the direction to pay and divide. It was early held that where the gift is implied from this direction, it is contingent unless, under the peculiar circumstances of the devise or from the whole will, a contrary intention appears, or the devise is postponed to let in some other interests: McClure's App., 72 Pa. 414, 417. (See, detailed, the controlling principles in Groninger's Est., 268 Pa. 184, as to vested estates.) The rule is laid down, by our Brother SIMPSON, in Hildebrant's Est., 268 Pa. 132, 135, that contingency is the usual legal conclusion where the gift to the remaindermen is found only in a direction to divide the estate among them after the death of the life tenant.

Viewing the matter, then, from this standpoint, the bequest is qualified, not absolute. The condition precedent was survival, that is, to pay and divide to surviving brothers and sisters if living,—the heirs to take the share of their deceased parent. It has frequently been said that if there is a present right to future possession, the estate is vested, but, where the time fixed for enjoyment is joined with and a part of the description creating the interest, there is not a present right to future enjoyment, but a contingent one. It was said in Marshall's Est., 262 Pa. 145, 148, that the presumption of vesting was not as strong with relation to collaterals as it was to lineal descendants. "Where there is no gift but in a direction to pay or transfer or divide among several persons, at a

future period, though the future period is annexed to the payment, possession or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and, therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment": Smith on Executory Interests, section 314. "The ruling principle of a case like this is that where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent; and it seems to be well founded in reason, as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality, insomuch that if the one is future and contingent, so must the other be": GIBSON, C. J., in Moore v. Smith, 9 Watts 403, 407. "The rule is conceded that where there is a bequest in the form of a direction to pay, or pay and divide 'from and after' the happening of any event, 'then the gift being to persons answering a particular description, if a party cannot bring himself within it he is not entitled to take the benefit of the gift' ": Rosengarten v. Ashton, 228 Pa. 389, 394.

Reiff's Appeal, 124 Pa. 145, 150, is an interpretation of the words, "surviving children and the issue of such as may be deceased, such issue taking the share to which their deceased parent would be entitled if living": see also Provenchere's App., 67 Pa. 463; Rosengarten v. Ashton, 228 Pa. 389; Evans's Est. (No. 1), 264 Pa. 357; Sternbergh's App., 250 Pa. 167.

The court below also found, "Where the testator has himself provided a substitutionary gift to those who might otherwise be excluded, there is no necessity for presuming such intention in favor of vesting at his death, and the will itself, according to a natural interpretation, points to a contingency that is resolved at the death of the life tenant. In Woelpper's App., 126 Pa. 562, the remainders were in favor of 'the surviving brothers and

sisters and the lawful issue of such as may be dead (if any)'. [It was held] the death of the life tenant was the period of vesting and excluding from participation the estate of a son who died without issue before the life tenant. Patrick's Est., 162 Pa. 175, and Fox's Est., 222 Pa. 108, are to the same effect, also Reiff's App., 124 Pa. 145, and Adam's Est., 208 Pa. 500."

We conclude that the court below did not commit error in construing the estate to be contingent, and in refusing distribution to this appellant.

The decree of the court below is affirmed, at the cost of appellant.