## Walker's Estate.

Argued May 11, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward Lindsey*, with him *William S. Clark* and *J. H. Alexander*, for appellant.

*D. J. Skelly*, of *Skelly & Mogilowitz*, with him *Stone & Flick*, for appellees.

OPINION BY CHIEF JUSTICE SCHAFFER, May 25, 1942:

This appeal requires the construction of a clause in a codicil to the will of S. E. Walker. We are in accord with the final conclusion reached by the court below.

The testator by his will dated May 6, 1931, directed that, after the payment of his debts and the payment of $5,000 to each of his grandchildren, the rest, residue and remainder of his estate should be placed in trust to pay the net income derived therefrom to his wife, Cinderella J. Walker, for the term of her natural life. The trust was to continue until the death of his wife and at least for fifteen years after his decease. In the interim between the death of his wife and the termination of the trust, the income was to be divided among his four children, Eleanor Walker Conarro, William A., Ross A. and Richard O. Walker. On termination of the trust the corpus was to be paid over to the said four children if then living. The testator also provided for the contingency that the respective children might not all survive the termination of the trust.

Testator's wife died November 18, 1934, and on November 13, 1935, decedent added a codicil containing the following provision: "I hereby make the following specific bequest which shall be deemed as an addition to item II of said will [the bequests to grandchildren] and prior in its effect to the devise and bequest of my residuary estate in item III of said will." He then bequeathed 1800 shares of the capital stock of Times Publishing Company to a trustee in trust for declared purposes. The stock was to be divided into three parts of 600 shares each and was primarily intended to provide an assured income from such shares for each of three of his children, Eleanor Conarro, Ross A. Walker and Richard O. Walker.

The clause in the codicil, the construction of which is in dispute, is in part as follows: "3. Said Trustee shall pay the net income from another of such parts to my son, RICHARD O. WALKER, during the term of his natural life. Upon the death of my son, Richard O. Walker, such one-third (⅓) of said stock so held by said Trustee shall be assigned and delivered by him to ROSS A. WALKER and ELEANOR WALKER CONARRO, if then surviving in equal proportions. If my son Ross should not survive his

brother Richard then the shares which would have been assigned and delivered to Ross if living shall be assigned and delivered to my daughter Eleanor, if then living (at Richard's death), and if not then living then to the children of her blood share and share alike."

The testator died on April 10, 1936, but was predeceased by his son Richard who died December 31, 1935. Ross A. Walker survived his father and died on September 30, 1936. The court below properly held that the executors of Ross A. Walker were entitled to receive 300 shares of the stock of Times Publishing Company together with all income thereon from the date of testator's death.

The language of the testator is so plain and free from ambiguity that it discloses his intention without resort to artificial rules of construction. "It is a rule of common sense as well as law not to attempt to construe that which needs no construction": *Reck's Appeal*, 78 Pa. 432, 435. Richard was only to receive the income on 600 shares for life and on his death the stock which formed the corpus of this portion of the trust was to go to Ross and Eleanor "in equal proportions". The life estate lapsed by the death of Richard before his father's decease and on the death of testator the right to 300 shares vested in Ross, who survived his father.

A testamentary gift of an estate to a trustee to pay the income to a person for life and then to pay the remainder or corpus to another vests the remainder in such other person even though the life tenant dies before the testator, in the absence of a manifestation of a contrary intent: *Hurd's Est.*, 305 Pa. 394, 158 A. 174; *Wunder's Est.*, 270 Pa. 281, 113 A. 378; *Martha May's Appeal*, 41 Pa. 512; Restatement, Property, §230; 69 C. J., Wills, §2320. The Pennsylvania cases cited are controlling particularly since here the life estate and remainder are given to the children nominatim. There was no gap to be filled by acceleration or intestacy and the gift vested immediately upon the death of testator in precise accordance with the terms of the will.

Considering the codicil as a part of an entire last will and testament there is no manifestation of a contrary intent. In fact such examination confirms our construction. Testator added the codicil after the death of his wife in order to make special provision for three of his four children with the primary purpose in mind of providing for them an assured income. He then disposed of the remainder in each lot by apt words. He manifested a clear intent to treat income and corpus separately and to divide each among the three in practically equal proportions under a well balanced and equitable plan.

The decree of the court below is affirmed at the cost of W. A. Walker.