## Snyder Estate.

Argued March 23, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. J. Snyder,* with him *Fred B. Trescher* and *Kunkle, Trescher & Snyder,* for appellants.

*Robert W. Smith,* with him *John L. Mallison* and *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE DREW, April 12, 1948:

This is a consolidation of three appeals taken by Harry, George and Nick Snyder, sons and legatees of Nikolas Snyder, testator, alleging that the Orphans' Court of Westmoreland County erred in its construction of the residuary clause of testator's will and in failing to sustain their exception to the decree of distribution.

Nikolas Snyder died April 14, 1945. His will, dated July 29, 1944, after providing for payment of debts and a specific bequest, not here involved, then provided as follows:

"Third. The rest, residue and remainder of my estate, of whatsoever kind and wheresoever the same may be at the time of my decease shall be distributed by my executors here-in-after named.

(a) To my three following named children, Harry Snyder, George Snyder and Nick Snyder I give devise and bequeath equal amounts, starting at Twenty-five hundred dollars ($2500.00) each, and Five Hundred ($500.00) Dollars each to Catherine Sager nee Snyder and John J. Snyder, and if there is any residue or remainder it shall be distributed to the latter five keeping up the ratio of the latter two receiving Two Thousand Dollars ($2000.00) less than either of the three named above; who started with $2500.00 each."

Testator later executed a codicil which provided inter alia:

"I hereby revoke the bequest made to my Daughter, Catherine Sager, nee Snyder, in said Will. I desire the said legacy to fall into the residue of my estate and to be finally distributed in the same proportion or relation as set forth in said Will."

The decree of distribution, approved by the court, distributed $2500.00 each to Harry, George and Nick Snyder and $500.00 to John J. Snyder. The residual sum was then divided equally among the four sons; Harry, George, Nick and John Snyder.

Appellants contend that testator, in the specific bequests of $2500.00 to three sons and $500.00 to the fourth son, set up a ratio of five to one which is to be applied to the distribution of the residuary estate. They argue that the words "if there is any residue or remainder it shall be distributed . . . keeping up the ratio of . . . [John] receiving Two Thousand Dollars ($2000.00) less than either of the three named above; who started with $2500.00 each" must be construed to mean that one of his children was to receive, not $2000.00 less than the others, but that the remainder should be divided into sixteen parts and each of the three should receive five of these parts and John should receive one part. The learned court below rejected this construction and permitted only one differential of $2000.00 and decreed equal distribution of the remainder.

We find no merit in appellants' argument and we must therefore affirm the action of the court below. Where the intent of the testator is expressed in plain language no rules of construction are necessary: *Bumm's Estate*, 306 Pa. 269, 159 A. 15.

The amount for distribution under the third paragraph of the will is $44,714.00. Dividing this amount according to the contention of appellants, John would receive $2,794.63 and each of the other three sons would receive $13,973.12. Under this erroneous interpretation testator's words "keeping up the ratio of . . . [John] receiving Two Thousand Dollars ($2000.00) less than either of the three named above . . ." would be stripped of any meaning. We are convinced that the intention of the testator was to give the three appellants the one differential of $2000.00 more than John irrespective of the sum available for distribution.

As correctly said by the learned court below: "The testator did not say keeping up the ratio of five to one or keeping up the ratio of the latter two receiving $500.00 to $2500.00 for the three named above . . . If the testator did not mean that the three exceptants should get only $2000.00 more than John and Catherine, then he would not have used the figures $2500.00 and $500.00. He could have used $5.00 and $1.00, or any other amounts in the same proportion. The testator intended the difference between these two figures to be the amount by which the exceptants were to be favored. He did not mean that they should be favored to the extent of $11,178.49."

The Orphans' Court has decreed distribution strictly in accordance with testator's intent and we therefore affirm its decree.

Decree affirmed; costs to be paid by the Estate.