## Wilson Estate.

584

Argued January 11, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused April 16, 1952.

*Israel Krohn,* for appellant.

*Charles P. Maxwell,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1952:

The question involved is whether the gift in remainder to testatrix's next of kin refers to those who were such at the time of *testatrix's death* or at the death of the *life tenant.*

Testatrix died March 1, 1923. By the fourth item of her will the residue of the estate was placed in trust

to pay the net income monthly to the daughter, Cora L. Harrison, for life, with right to consume the principal, for her support, and upon the daughter's death to ". . . pay from the income of my Estate the sum of One Hundred Dollars monthly for the support of my grandson Jay W. Harrison during his natural life and if in the opinion of my Executor he is leading and living an upright life, he shall receive the full income of my Estate during the remainder of his lifetime, at his death the principal of my Estate so held in trust by my Executor or Trustee shall be divided equally among my next of kin under the Intestate laws of the State of Pennsylvania."

Testatrix was a widow at her decease. Her only heir and next of kin was the daughter, Cora L. Harrison (the first life tenant who had power to consume). The daughter died intestate June 1, 1946, leaving to survive as her sole heir and next of kin a son, Jay W. Harrison, who was appointed administrator of his mother's estate. Cora L. Harrison, the life tenant, had consumed principal to the extent that the income from the trust estate never amounted to $100 per month (the amount which the son Jay was *initially* entitled to receive upon the decease of his mother). Jay, the son, died October 20, 1949, testate, without issue, leaving a widow, Golda Harrison, who is the executrix and sole beneficiary under his will. Golda Harrison also is the administratrix d. b. n. of the estate of Cora L. Harrison. The next of kin of Alice G. Wilson as of the date of death of the grandson, Jay W. Harrison, the life tenant, are two nephews, a niece and a grand-niece (appellees). Golda Harrison, administratrix d. b. n. (appellant) claims the entire estate upon the doctrine that her decedent, Cora L. Harrison, was sole next of kin *at date of death* of Alice G. Wilson, the testatrix, and is therefore entitled to the fund. Ap-

pellees, upon the contrary, contend that under the terms of this will the next of kin are determinable upon the death of the life tenant and consequently they are the beneficiaries. The learned court below ruled in favor of appellees. This appeal followed.

Where, as in this case, the death occurred prior to the effective dates of the Acts of June 29, 1923, P. L. 914, 21 PS 11 and April 24, 1947, P. L. 100, 20 PS 301.14, the next of kin refers to those who were such at the time of testatrix's death, *unless a different intent is plainly manifest.* This legal principle is firmly established. Most of the cases relating thereto are cited in *Thompson Trust,* 363 Pa. 85, 69 A. 2d 112, and need not be cited again. *The sole question of testamentary construction therefore is whether a contrary intent by testatrix is plainly manifest in this will.*

We are in unanimous accord that we need not go beyond the will itself to determine this question. Upon the death of the life tenant the will directs that the *". . . principal of my Estate . . . shall be divided equally among my next of kin under the Intestate laws of the State of Pennsylvania."* (Italics supplied) Such a direction is a "pay and divide" provision and constitutes a *contingent,* and not a vested, remainder in the next of kin. The foundation for this legal principle may be found in *Moore v. Smith,* 9 Watts 403, where Chief Justice GIBSON said, p. 407: ". . . where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent; and it seems to be as well founded in reason, as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be." See also *Alburger's Estate (No. 2),* 274 Pa. 15, 117 A. 452; *Scott's Estate,*

301 Pa. 509, 152 A. 560; *Hood's Estate,* 323 Pa. 253, 186 A. 740. The *application* of the principle of the "pay and divide" cases has presented many difficulties due to varying language, in context, in numerous wills construed. Note observations of two former Chief Justices of this Court: *Rickenbach Estate,* 348 Pa. 121, 125, 34 A. 2d 527. See also Mr. Justice BELL'S comments in *Newlin Estate,* 367 Pa. 527, 536, 80 A. 2d 819. In the case now before us the language is free from all doubt that the remainder is *contingent.* The direction to divide was *in futuro*; there was no postponement for convenience or to let in other interests. Cf. *Riverside Trust Company v. Twitchell,* 342 Pa. 558, 20 A. 2d 768; *Rickenbach Estate,* supra. As the remainder was *contingent,* the next of kin as referred to in the will necessarily could only be ascertained at the termination of the last life estate. As the will itself provides when the next of kin shall be determined, we need not consider surrounding facts and circumstances.

Decree affirmed. Costs to be paid from the corpus of the trust estate.