Edmunds Estate.

Argued April 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.
Appeals, Nos. 127 and 171,

*Stanley L. Thornton,* with him *C. Gilpin Gibbon* and *Witney & Thornton,* for Girard Trust Corn Exchange Bank, appellant.

*John W. Dawson, Jr.,* for John Shahedy, appellant.

*Grover C. Ladner,* with him *Frank W. Melvin, Owen Biddle, Joseph J. Tunney* and *Clark, Ladner, Fortenbaugh & Young,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1953:

In this will construction we are required to determine whether a gift in remainder is vested or contingent. The court below, one judge dissenting, held that the remainder was contingent.

Testator's residuary estate was placed in trust to pay the net income to three named children for life and upon the death of *each* named child: "to convey, transfer, assign and pay over the principal of one-third of my residuary estate to my right heirs at law under the terms of the intestate law of Pennsylvania, absolutely, clear of trusts."

The share in litigation is that of testator's daughter, Adeline E. Froriep, who died August 4, 1950, a widow, and without issue. She married Charles Neeld subsequent to testator's death, and such husband predeceased her.

It is to be initially noted that the gift in remainder is necessarily *implied* solely because of the testamentary direction "to convey, transfer, assign and pay over." These words constitute what is known as a "pay and divide" case. The rule has been repeatedly quoted, and is what was accurately stated by Chief Justice GIBSON in *Moore v. Smith*, 9 Watts 403, 407: ". . . where there is no separate and antecedent gift which is independent of the direction and time for payment, the legacy is contingent; and it seems to be as well founded in reason, as rules of interpretation usually are. Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be."

This rule is also stated by Josiah W. Smith, an English barrister, in his scholarly book "Executory Interests" (1845), sec. 314, p. 150: "(1) It must be carefully noticed, that where there is no gift but in a

direction to pay or transfer or divide among several persons, at a future period; though the future period is annexed to the payment, possession, or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and, therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment."

The antecedent gifts of *income* were not in any sense gifts of *principal* and consequently did not constitute an "antecedent gift which is independent of the direction and time for payment" within the meaning of the rule: *Moore v. Smith,* supra; *Rickenbach Estate,* 348 Pa. 121, 34 A. 2d 527; *Wilson Estate,* 369 Pa. 583, 87 A. 2d 648.

As the testamentary provisions concerning the disposition of the remainder clearly constitute a contingent gift, there is no necessity to consider whether, following a life estate, a gift to heirs or next of kin relates to those ascertained as of testator's or the life tenant's decease, and the application of the Act of June 29, 1923 P. L. 914, 21 PS 11.

This case is closely analogous to *Wilson Estate,* supra. The learned opinion of Judge HUNTER for the court below so comprehensively and accurately states the law and its application to the present case that it is unnecessary for us to amplify his opinion.

Decree affirmed at cost of appellants.

---

CONCURRING OPINION BY MR. JUSTICE BELL:

Testator gave his residuary estate in trust, to pay the income to and among his three children, Franklin, Adeline and Anna, for their respective lives, and upon the death of each "to convey, transfer, assign and pay over the principal of one-third of my residuary estate to my right heirs at law under the terms of the intestate

law of Pennsylvania, absolutely, clear of trusts." The question arises whether "my right heirs at law" meant the heirs living at testator's death or upon the death of each of his children. We agree, but for different reasons, with the majority opinion that the testator meant and intended the principal to be paid to his right heirs at the death of each child.

The testator devised to his wife his residence No. 1505 North Sixteenth Street, Philadelphia, and his property in Roxborough, Philadelphia. He then bequeathed to his wife all his furniture, books, jewelry, silverware, cattle and household and farm implements contained on his said properties. Testator then provided: "Item. I have, in this will, made no provision for my wife beyond the devises and bequests above mentioned, because she is provided for in her own right, . . .".

Testator died May 14, 1923 leaving a will dated September 17, 1919. In accordance with the law in effect at the date of his death (a) his heirs meant heirs at the time of his death and (b) his wife would have been entitled as one of his heirs unless (in each case) he plainly manifested a contrary intent in his will. *Wilson Estate,* 369 Pa. 583, 87 A. 2d 648; *Barnard Estate,* 351 Pa. 313, 41 A. 2d 578; *Thompson Trust,* 363 Pa. 85, 69 A. 2d 112; *Tatham's Estate,* 250 Pa. 269, 95 A. 520. It seems clear to me that testator, by the foregoing provisions of his will, did not intend his wife to be one of the heirs of the principal of his residuary estate and that consequently his residuary gift of one-third of the principal upon the death of "each of my said children, . . . to my right heirs" meant his heirs living at the death of such child; otherwise his wife would have been entitled to a fractional share as one of his heirs.

The "Pay and Divide" Rule upon which the majority bases its decision is merely a rule or canon of construction—a means to an end. The end is the intent of the

testator which is the pole star of every will: *Britt Estate,* 369 Pa. 450, 454, 87 A. 2d 243; *Newlin Estate,* 367 Pa. 527, 536, 80 A. 2d 819.. When. the intention of the testator can be ascertained by an examination of his entire will from the vantage seat of the testator's armchair ". . . technical rules or canons of construction are unnecessary; it is only where the intent is uncertain or the language ambiguous that such canons should be resorted to.: Haydon's Estate, 334 Pa. 403, 6 A. 2d 581; Snyder Estate, 359 Pa. 138, 58 A. 2d 178; Walker's Estate, 344 Pa. 576, 26 A. 2d 456.": *Britt Estate,* 369 Pa. 450, 455, 87 A. 2d 243.

Especially is this so in the so-called "Pay and Divide" cases. How tenuous is the reed upon which th ancient and admirably phrased "Pay and Divide" Rule (justifying holding gifts to be contingent) is built is clearly apparent (1) from the fact that if the scrivener of a will uses, after a life estate, the words "I give and bequeath the principal" instead of the words "to transfer, pay and distribute the principal" which have exactly the same meaning, the rule does not apply; and (2) because the cases applying the rule are almost equally divided as to whether and when the general rule or its exception applies,* and are ". . . difficult, if not impossible, to harmonize or reconcile . . .": *Newlin Estate,* 367 Pa. 527, 536, 80 A. 2d 819; *Alburger's Estate (No. 2),* 274 Pa. 15, 117 A. 452; *Hood's Estate,* 323 Pa.

---

* Many examples of apparently contrary applications of the rule are cited or quoted in *Newlin Estate,* 367 Pa., supra, where we said, inter alia (p. 536) : ". . . 'As long ago as McClure's Appeal, 72 Pa. 414, we pointed out (p. 418) : "Though there be no other gift than in the direction to pay or distribute in futuro, *yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest,* the vesting will not be deferred till the period in question." Here there can be no question that the gift was postponed to enable the widow to enjoy the income from the estate during her life.' . . ."

253, 259, 186 A. 740; *Rickenbach Estate,* 348 Pa. 121, 125, 34 A. 2d 527; *Wilson Estate,* 369 Pa. 583, 587, 87 A. 2d 648; and (3) because the rule flies in the face of well and wisely established principles (a) that the law favors vested rather than contingent estates and the intention to create a contingent estate must plainly appear, and (b) that an heir is not to be disinherited except by clear language or by necessary implication: *Newlin Estate,* 367 Pa., supra, 527, 534, and many cases therein cited.

The reason for the lack of harmony in the "Pay and Divide" cases is due, in my judgment, to the fact that this rule or canon of construction ofttimes defeats instead of carries out the testator's intention; and it is only *a guess* in each case whether the gift is postponed for the convenience of the fund or to let in some other interest. I would therefore resort to the "Pay and Divide" Rule only in cases of necessity and then reluctantly.

From an examination of testator's entire will, in the light of the circumstances which surrounded him when he made it, it is clear, in my opinion, that he intended his widow not to share his residuary estate as one of his heirs and this fact, together with the gift in remainder after the death of each child and the scheme of his will show he intended his heirs to be determined as of the date of each respective life tenant's death. For this reason I concur in affirming the judgment.