## McFadden Estate.

Argued January 7, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*George F. Baer Appel,* with him *Francis J. Carey, Jr., George H. Class, Charles C. Townsend, Butler, Beatty, Greer & Johnson,* and *Townsend, Elliott & Munson,* for appellants.

*Ernest Scott,* with him *John Bartol* and *Pepper, Bodine, Frick, Scheetz & Hamilton,* for certain appellees.

*William H. S. Wells,* with him *Saul, Ewing, Remick & Saul,* for certain appellees.

466

*Allen S. Olmsted, 2nd,* for appellee.

OPINION BY MR. JUSTICE BELL, March 14, 1955:

George McFadden died testate on January 5, 1931. He was survived by his wife, who died in 1952, and by four children, Caroline B. Ewing, Emily B. Harrison, both of whom are living, Alexander B. McFadden, who died in 1948, leaving children still living, and *George H.* McFadden, who died on April 19, 1953, without issue.

The testamentary trustees filed an Account for the purpose of determining, inter alia, who was entitled to George H.'s share of the income and principal. Article Fourth (3) of testator's lengthy will provides as follows: ". . . If any child of mine, or the issue of any deceased child of mine, *shall die without issue,*[*] then the share of such child or issue of a deceased child so dying in the income and in the principal of my estate shall pass to and vest in *his or her surviving brother* or brothers, upon the same uses, limitations and trusts as to the shares originally given to such surviving brother or brothers; *if there be no surviving brother* or brothers, then such shares of income and principal shall pass to and vest in his or her *surviving sisters and their issue,* upon the same uses, limitations and trusts."

The exact situation hereinabove specifically provided for by the testator has occurred, namely, a child of his *died without issue.* The testator clearly and specifically provided that in that event the share of such child "in the income and in the principal of my estate shall . . . vest in his . . . surviving brother [there was no surviving brother] . . .; if there be no surviving brother . . . then such shares . . . shall . . . vest in his . . . surviving sisters and their issue, . . . ."

---

[*] Italics throughout, ours.

The Court below awarded George H.'s share of principal and income to his two surviving sisters in equal shares.

In *Lifter Estate,* 377 Pa. 227, 231, 103 A. 2d 670, the Court said: "The intention of the testator is the pole star in the interpretation of every will and that intention must be ascertained from a consideration of the entire will, including its scheme of distribution as well as its language, together with all the surrounding and attendant circumstances: Lyle Estate, 374 Pa. 344, 97 A. 2d 830; Brumbach Estate, 373 Pa. 302, 95 A. 2d 514; Newlin Estate, 367 Pa. 527, 80 A. 2d 819; Anderson Estate, 373 Pa. 294, 95 A. 2d 674."

The issue of Alexander B. McFadden, one of testator's sons who predeceased George H., claim to be entitled to a share of the income and principal upon the theory that the testator's dominant intent, as expressed throughout his will, was that testator's sons and issue of sons should receive twice as much as each of testator's daughters and other female issue. For example, in the Second paragraph of Article Three the testator provided with respect to income that whenever a descendant of his should die, *leaving* male and female *children* "the income shall be divided in such a way that the males shall receive twice as much income as the females". Similarly, in the fourth and fifth paragraphs of section (3) of Article Fourth of his will, testator provided as follows: "And In Trust, upon the expiration of the period of twenty-one years after the death of the last survivor of the children and issue of deceased children of mine living at my death, to pay over to my descendants, per stirpes, a proportion and division of the principal of my residuary estate equal to the proportion and division of income hereinbefore provided and directed for my children or issue of deceased children, namely, the proportion of two (2) shares for each

male and one (1) share for each female. It being my intention that the income from my residuary estate shall be paid in the proportions of two parts to my sons and their issue and descendants, and one part to my daughters and their issue and descendants, per stirpes; that the same plan shall be followed in the division of income among the male and female children of my children and their issue; and that the principal of my residuary estate shall be divided in the same proportions."

Standing and considered alone, those paragraphs support the contention of the appellants that the general and dominant intent of the will [as therein expressed] is clear, namely, that sons and their issue and descendants are entitled to share in the principal as well as the income of testator's residuary estate in the proportion of two shares for each male to one share for each female. Appellants of course further contend that if there be any conflict, testator's dominant general intent must prevail over any particular intent. The appellees contend, on the other hand, that there is no conflict, but if there were one, the particular prevails over the general, and also the last expression of the testator's intention must prevail. All rules or canons of construction are but a means to an end—namely, to ascertain and determine testator's intent, and where a testator's intent is manifest from the clear and unambiguous language of his will, that intent must prevail.

In *Edmunds Estate,* 374 Pa. 22, 25-26, 97 A. 2d 75, the Court, in the concurring opinion, said: "The end is the intent of the testator which is the pole star of every will: Britt Estate, 369 Pa. 450, 454, 87 A. 2d 243; Newlin Estate, 367 Pa. 527, 536, 80 A. 2d 819. When the intention of the testator can be ascertained by an examination of his entire will from the vantage seat

of the testator's armchair '. . . technical rules or canons of construction are unnecessary; it is only where the intent is uncertain or the language ambiguous that such canons should be resorted to: Haydon's Estate, 334 Pa. 403, 6 A. 2d 581; Snyder Estate, 359 Pa. 138, 58 A. 2d 178; Walker's Estate, 344 Pa. 576, 26 A. 2d 456.': Britt Estate, 369 Pa. 450, 455, 87 A. 2d 243."

On the point in issue in this case, we believe the testator's intent is clear and that the "die without issue" clause is not inconsistent with other provisions of his will or with his dominant scheme or intent. In the testamentary paragraphs quoted by appellants, the testator was providing for the payment of income and/or principal to a *child* of his *or* to the *issue* of his deceased children, and in such event the distribution was unquestionably to be in the proportion of two shares for each male and one share for each female. For example, in the second paragraph he provides for a distribution of income "whenever a descendant of mine *shall die leaving male and female children*" the income of such deceased child or the issue of a deceased child shall take, etc. Similarly, upon the expiration of the trust, the trustees are directed to pay the principal in shares equal to the proportion of income hereinbefore directed *for his children or issue* of deceased children in the proportions of two parts "to my sons and their issue and descendants".

It is obvious that the testator indicated throughout his will that he knew how to make a valid gift for his male children as well as for his female children and for his male issue as well as for his female issue, whenever he so desired. When, however, he came to the sixth paragraph under section (3) of Article Fourth, in which he provided for *the death of a child without issue*—the contingency here involved—he clearly and unambiguously and unequivocally provided for *a differ-*

*ent scheme of distribution,* namely, "If any child of mine, . . . shall *die without issue*", as George H. did, then George H.'s share of the income and principal shall vest—not in testator's surviving children or surviving issue, either per stirpes or per capita and with males preferred 2 to 1 over females, but—"shall vest in his surviving brother . . .", and if, as actually occurred, "there be no surviving brother, then such shares of income and principal shall *vest in his surviving sisters and their issue.*"

Notwithstanding the able argument of counsel for appellants, we believe the testator clearly provided in the contingency which has arisen that George H.'s share of income and principal should vest in his surviving sisters.

Decree affirmed, each party to pay his, her and its respective costs.