## Campbell Estate

*Bruce R. Martin,* for accountant.

RAHAUSER, J., June 28, 1955.—J. Alvin Campbell entered into a trust inter vivos agreement with Commonwealth Trust Company of Pittsburgh on October 17, 1941. The agreement provided for payment of the income to donor for his life and to his widow, Adelaide B. Campbell, for her life, if she survived him. At the death of donor and his widow the trust was to cease and the trustee was directed to pay the corpus of the trust estate, and any undistributed income, to donor's daughters, Jean Wells Campbell and Margaret L. Campbell, *or* their heirs, share and share alike.

One of donor's daughters, Jean Wells Campbell, predeceased him, dying on August 8, 1946, unmarried and without issue. Donor's wife, Adelaide B. Campbell, likewise predeceased donor, dying on June 19, 1950. The marriage of J. Alvin Campbell and Adelaide B. Campbell was a second marriage for both and no children were born of this marriage. Adelaide B. Campbell's heirs as of the death of her husband, J. Alvin Campbell, on December 7, 1954, were a daughter, Esther Baird Hull, and two sons, Wilbur S. Baird and Edward E. Baird, all of whom are sui juris.

By the terms of his will dated August 11, 1937, J. Alvin Campbell left his estate to his wife, Adelaide Baird Campbell, and his two daughters, Jean Wells Campbell and Margaret Lillian Campbell, *or* their heirs.

The trustee has filed its first and final account under the trust inter vivos agreement of October 17, 1941, and this has given rise to the question, who is entitled to the balance for distribution?

Since Jean Wells Campbell predeceased donor, and the trust instrument provided for the payment of her share of the corpus to her *or* her heirs, the substitutionary provision must be observed and payment is to be made to her heirs. This gives rise to the further question, who are her heirs? If her heirs are to be deter-

mined as of her death, her sole heir was her father and, accordingly, one half of the trust fund would be payable to the estate of her father for distribution under the terms of his will. If such a distribution is made, a portion of the trust fund will ultimately pass to the children of donor's wife by her first marriage.

If the heirs of Jean Wells Campbell are to be determined as of the date for distribution of the trust fund, i.e., the date of the death of donor-life tenant, then donor's sole surviving daughter, Margaret Lillian Campbell, now by marriage Margaret Campbell Wagner, is her sole heir.

The trust inter vivos agreement does not indicate donor's intention to include himself as an heir of his daughter, although he must have known that he was her sole heir. The fact that he did not substitute himself for his daughter in case of her death, but substituted her heirs as the persons to take on the termination of the trust, if she were then deceased, would indicate that he intended her heirs to be determined as of the date of the termination of the trust; see Edmunds Estate, 374 Pa. 22, 25.

Furthermore, the gift to donor's daughters under the trust agreement was in the form of a direction to pay and divide the trust assets between them or their heirs. There is no independent gift to them exclusive of the direction to pay and divide. This constitutes a contingent gift: Wilson Estate, 369 Pa. 583. The contingency was not resolved until the death of the donor, at which time Margaret Campbell Wagner was the sole heir of her sister, Jean Wells Campbell, and was entitled to the benefits of the substitutionary provision of the fourth paragraph of the trust agreement, to the exclusion of the estate of the donor.

Accordingly, Margaret Campbell Wagner is entitled to the entire trust fund, one half by virtue of the direct gift to her under the provisions of paragraph 4 of the

trust agreement, and the other half as the substituted heir of her deceased sister, Jean Wells Campbell.

A decree will be prepared in accordance with this opinion.