## Kolb Estate

204

*Pepper, Bodine, Frick, Scheetz & Hamilton, Whitney & Thornton* and *Frederick C. N. Littleton,* for exceptants.

*Morgan, Lewis & Bockius, Stradley, Ronon, Stevens & Young, Souser, Schumacker, Kleeb & Lunkenheimer* and *Gilfillan, Gilpin & Brehman,* contra.

KLEIN, P. J., July 3, 1956.—We agree with the conclusion of Judge Hunter, the auditing judge, that testatrix's direction to her trustee "to divide the said principal of the Trust estate . . . to and among my remaining right heirs" created contingent and not vested remainders.

In our opinion this case is a classic example of the application of the so-called "pay and divide" rule.* There is no separate and antecedent gift which is independent of the direction and time for payment, and the gift can only be implied from the direction to the trustees to divide the principal: Edmunds Estate, 374 Pa. 22 (1953) ; Wilson Estate, 369 Pa. 583 (1953).

A careful study of this will from its four corners, however, leads us to the conclusion that the remainder gifts in question must be held to be contingent even if we disregarded the "pay and divide" rule completely.

It is axiomatic and requires no citation of authority that testator's intention is the pole star of testamentary construction. All of the circumstances of this case indicate that the testatrix was referring to heirs ascertainable only in the future.

This is particularly true because the daughters had complete power of disposition of the principal by their wills. We must also not lose sight of the fact that when testatrix executed her will in 1904, more than a half century ago, there was no transfer inheritance tax imposed on lineals in this State and the citizens of our country were not plagued with the complexities of the onerous Federal estate tax. Little did she dream that the day would come when the right to appoint by will, in itself, would impose heavy tax liabilities upon the estate of a person possessing such right and that it might become much more advantageous to surrender the right than to exercise it. It, therefore, seems apparent that the testatrix fully expected her daughters to exercise the powers of appointment which she gave to them, if they should have no issue. It is quite unrealistic to assume that she contemplated that her daughters would designate the estates of persons, who

---

* The "pay and divide" rule has been severely and justly criticized by Mr. Justice Bell in his concurring opinion in Edmunds Estate, 374 Pa. 22 (1953) and in Bald Estate, 385 Pa. 176 (1956).

died many years before them, to receive any share of her estate.

The natural meaning of the phrase "my remaining right heirs" is those remaining or surviving when the event terminating the trust occurred: Estate of Andrew Berg, 96 Pa. Superior Ct. 125 (1930). See also Judge Gest's comment in Buckman's Estate, 13 D. & C. 653, 654 (1930). Testatrix's use of this language is most persuasive. She clearly contemplated that only those of her heirs who were living at the date of distribution should participate in such distribution.

The exceptions are all dismissed and the adjudication is confirmed absolutely.