## Dinkey Estate.

Argued January 4, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

W. *Bradley Ward*, with him *J. Pennington Straus*, *M. Paul Smith*, and *J. Brooke Aker*, and *Schnader, Harrison, Segal & Lewis*, and *Smith, Cahall & Aker*, for appellant.

*William White, Jr.*, with him *Philip H. Osborne*, *Ralph S. Croskey*, and *Duane, Morris & Heckscher*, for appellees.

OPINION BY MR. JUSTICE BELL, March 13, 1961:

Testator died August 11, 1931, leaving a wife, two sons and a daughter to survive him. Robert E. Dinkey, one of testator's sons, died on June 6, 1949, leaving two children (Mardianna D. Green and Helen Lee White) each of whom is still living. On Octo-

ber 25, 1952, Alva C. Dinkey, *Jr.,* the other son of the testator, died leaving a widow but no children or issue to survive him. Testator's widow, the life tenant, died on March 4, 1958, at which time the testamentary residuary trust terminated. The trust principal which was reappraised as of the death of testator's widow, amounted to $1,626,000. Alva Jr.'s widow claimed one-third of the remainder of the principal of the trust on the theory that her husband took a vested one-third interest in remainder upon the death of the testator.

The lower Court denied the claim of Alva Jr.'s widow on the ground that the gift of principal to Alva, Jr. was contingent upon his surviving the life tenant, and awarded one-half of the principal of the trust to testator's daughter, Leonora, who survived testator's widow, and one-fourth to each of the two daughters of testator's deceased son, Robert. In other words, the Orphans' Court held that the testator intended to give his residuary estate after the death of his widow to his children who survived his widow and the then surviving children, per stirpes, of his deceased children.

Testator in the third paragraph of his will dated July 21, 1930, gave his residuary estate in trust to pay from the net income $400 a month to his daughter and to each of his two sons, and the balance of his income to his wife. He then provided (in this third paragraph): "Upon the death of my said wife, Margaret S. Dinkey, I direct the surviving trustee to divide the trust estate into three equal portions, and to pay the same to my three children, Robert E. Dinkey, Alva C. Dinkey, Jr., and Leonora S. Seiple. [We note parenthetically that if the will had stopped at this point, Robert, Alva, Jr., and Leonora would each have had a vested interest in one-third of the remainder, although it would not be payable until the death

of testator's widow. But the will did not stop at this point.]

"In case of the death of any of my children *prior to the distribution of the trust estate*\* herein provided for I direct that his or her share be paid to his or her surviving children, and if any child shall die without issue surviving him or her his or her share shall be divided equally among my surviving children, or their children, such children together taking a parent's share."

It is by now hornbook law (1) that the testator's intent is the polestar and must prevail: *Hope Estate,* 398 Pa. 470, 474, 159 A. 2d 197; *Bald Estate,* 385 Pa. 176, 122 A. 2d 294; *Dunlap Estate,* 381 Pa. 328, 331, 112 A. 2d 349; *Newlin Estate,* 367 Pa. 527, 80 A. 2d 819; and (2) that that intent must be gathered from a consideration of all the language contained in the four corners of his will\*\* and not merely from isolated clauses or provisions thereof: *Pruner Estate,* 400 Pa. 629, 635, 162 A. 2d 626; *Wanamaker Estate,* 399 Pa. 274, 159 A. 2d 201; *Richley Estate,* 394 Pa. 188, 146 A. 2d 281; *Weaver Estate,* 390 Pa. 128, 134 A. 2d 675; and (3) that technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain: *Hope Estate,* 398 Pa., supra; *McFadden Estate,* 381 Pa. 464, 112 A. 2d 148; *Britt Estate,* 369 Pa. 450, 455, 87 A. 2d 243; *Edmunds Estate,* 374 Pa. 22, 97 A. 2d 75.

We are convinced from a careful examination of the entire will, and particularly all the language of the third paragraph of the will (upon which each party relies), that testator gave and intended to give

---

\* Italics throughout, ours.

\*\* Together with all the surrounding and attendant circumstances and the scheme of distribution.

one-third of the principal of his trust estate to each of his children who survived his widow and to the surviving children, per stirpes, of each child who predeceased his widow, and if any child died prior to the distribution of the trust estate without surviving issue, his share shall be divided equally among testator's surviving children or surviving grandchildren and should not go to a stranger to his blood.

The principal contention of Alva, Jr.'s widow is that her husband's share of the principal, to wit, an absolute interest in one-third of the principal of the trust, vested under the provisions of the first above quoted clause of the third paragraph of the will, upon the death of the testator (although not payable until the death of the widow) and that this vested interest was not made contingent by the subsequent dispositive provision in the third paragraph of testator's will. This latter provision she contends applies only to income and consequently her husband's vested interest was not cut down or changed to a contingent interest by this second dispositive provision. First of all, appellant's contention that this dispositive provision applies only to income is devoid of any merit. Moreover, we cannot read or consider the first dispositive clause or provision in the third paragraph without reading and considering it in connection with and together with the second dispositive clause or provision of the third paragraph. Considering the two together, the testator's intention is, we repeat, clear that Alva, Jr. could take one-third of the principal of the trust only if he survived testator's widow.

Notwithstanding appellant's able argument, the testator's intent is so clear that there is no valid or justifiable reason for resorting to rules or canons of construction which, in the last analysis, have been judicially created merely to aid a Court in ascertaining a testator's testamentary intent.

We agree with the auditing Judge, and we believe it is conceded by both parties, that the question of the distribution of principal in this estate arose for the first time at this audit and that the two prior adjudications of the Court disposing of income alone did not establish the law of the case.[*]

We have considered appellant's alternative interpretation of the will but find no merit in this or in any of her other contentions.

Decree affirmed; each party to pay own costs.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I am convinced that the testator intended that the trust estate be divided equally among his three children, which interest clearly became vested in each of the testator's surviving children under item "Third" of the will. The concluding paragraph of that item does not amount to a limitation on the vested interest because it is a fundamental rule that an absolute estate will not be diminished by subsequent words of doubtful meaning. See *Freeman's Estate*, 281 Pa. 190, 195, 126 Atl. 270 (1924). That paragraph requires only that the deceased child's share be "paid" to his surviving children and simply refers to the income of the trust that had been enjoyed by the deceased child prior to the child's death. I, therefore, would reverse.

---

[*] In each of the prior adjudications the Orphans' Court decited *by analogy* to the dispositive gifts of principal—there was no express gift of income during the lifetime of testator's widow when a child of testator predeceased testator's widow—that the $400 per month income which said child was given in the third paragraph of the will should be paid to the children or testamentary legatees of a deceased child until the termination of the trust.