## Sharpless Estate

*Francis R. Tworzydlo*, for accountants.

MACELREE, P. J., August 23, 1963.—In the petition for adjudication and statement of proposed distribution, counsel for the accountants has submitted to the court the following question: "There is a question as to whether or not the first two dispository sentences of the Will take precedence over the remaining clauses of the Will in which event there is nothing left for the legatees thereafter named, or whether the legacies shall first be paid and the first and second dispository sentences construed as a residuary clause."

### Discussion

The balance for distribution as stated in the account amounts to the sum of $7,391.77, which subject to adjustment by reason of additional debit of income of $908.93, makes a total balance for distribution of $8,300.70.

The pecuniary legacies in the will amount to $8,900 exclusive of any interest due for delay in payment thereof.

In partial answer to the questions submitted by counsel for the accountants, we quote from an opinion of our present Chief Justice in Richley Estate, 394 Pa. 188, 193: "The interpretation of homedrawn wills is often difficult and this is certainly no exception."

The will presently before the court is a holographic will.

Mr. Chief Justice Bell further cites Weaver Estate, 390 Pa. 128, and McFadden Estate, 381 Pa. 464, as authority for the principle of law: " ' "The intention of the testator is the pole star in the interpretation of every will and that intention must be ascertained from a consideration of the entire will, including its scheme of distribution as well as its language, together with all the surrounding and attendant circumstances." ' "

". . . When the intention of the testator can be ascertained by an examination of his entire will . . .

". . . technical rules or canons of construction are unnecessary; . . ." ' "

The Chief Justice further cites authorities for the legal proposition, " '. . . it is only where the intent is uncertain or the language ambiguous that such canons should be resorted to.' "

This court is of opinion the language of the will of the decedent is ambiguous in that it contains totally inconsistent clauses.

The first two sentences are as follows: "To my devoted daughter Esther I bequeath ½ of my estate. The remaining half to be divided equally between Helen Pennock and Elizabeth S. Jackson."

Had decedent stated nothing more, her will would be susceptible of but one interpretation.

Following the two sentences quoted above, decedent then provided:

"To my grandchildren John & Wendy Jackson I bequeath $3000 apiece for educational purposes.

"To Bruce & Elizabeth Barnard I bequeath $1000 apiece towards their education.

"To the Alumni Assn. of Earlham Col. I bequeath $300 in the name of Edith Smith Sharpless [the decedent].

"Also $200 to the Scholarship Fund of Westtown School.

"$200 to the New Garden No. Mtg. of West Grove.

"$200 to Edward Cotter for use in carrying on the worthy effort of caring for the elderly & infirm, in which I have participated, and found so comfortable."

The total of these pecuniary legacies, amounting to $8,900, exceeds the balance for distribution, and there remains no residue'.

The late Mr. Justice Patterson, in Fisher Estate, 355 Pa. 105, 106, stated the law to be: "The rule that

the later of two inconsistent clauses in a will must be taken to represent the last expression of testatrix's intention, is well established. It is to be invoked, however, only where there is an utter repugnancy."

Mr. Justice Patterson further pointed out: "A necessary prerequisite to the application of this rule is its unavoidability. Examination of the entire will must be made so that, if possible, all provisions thereof can be given effect."

We conclude the application of this rule in the subject estate is unavoidable inasmuch as, by the first two paragraphs, the decedent bequeathed her "estate" to her three daughters, and in later paragraphs provided pecuniary legacies in excess of the balance for distribution.

This court is forced to the conclusion that it becomes impossible to give effect to all of the provisions of the will and the rule of incompatible clauses, as previously set forth, must prevail.

### Conclusions of Law

We conclude that precedence must be given to the pecuniary legatees to each of whom will be awarded a pro rata share of the balance for distribution.