Ellis Will.

Argued January 23, 1969. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Peter Williams,* with him *Donald R. Murdoch, Cuthbert H. Latta,* and *Drinker, Biddle & Reath,* for appellants.

*Ernest Scott,* with him *James R. Ledwith,* and *Pepper, Hamilton & Scheetz,* for appellee.

*John F. Thaete,* guardian and trustee ad litem, appellee, in propria persona.

OPINION BY MR. JUSTICE ROBERTS, May 9, 1969:

Testator died April 12, 1925, leaving a will dated January 14, 1921 under which he created out of his residuary estate a trust for his three minor grandchildren, Frank H. Ellis, 3d, Gage B. Ellis, and Augusta Willoughby Gage Ellis (now Augusta Willoughby Ellis Little), income to be used for their support, needs and education during minority. As each grandchild reached age 21, he was to receive $10,000 per year until age 25. Thereafter, each was to receive one-third of the income for life. As to distribution upon the death of one or more of his grandchildren, testator provided that "upon the death of either of my said grandchildren, leaving lawful issue to survive him or her, In Trust, to allot and transfer to such issue, by representation, a share of principal of said Trust Estate represented by the proportion of income to which the one

so dying was entitled at the time of his or her death; . . . ." If a grandchild died without leaving surviving issue, testator provided that "the share of income to which the one so dying was entitled at the time of his or her death [should be paid] to or for the support of the others of my said grandchildren who shall be living in equal shares in the same manner and with the same powers as are hereinbefore provided with respect to their original shares of income. If but one grandchild shall be living the other two having died without leaving issue to survive them, then the whole income shall be applied or paid to or for the support of such living grandchild for life in the same manner and with the same powers as are herein provided with respect to his or her original share of income."

Grandson Gage B. Ellis died in 1959, and at that time one-third of the trust corpus was distributed to Gage's three children, appellants herein, by orphans' court adjudication. Grandson Frank H. Ellis, 3d, died in 1966 leaving no issue surviving him. Thus the only surviving grandchild is Mrs. Little, appellee in this case. Frank's death without issue has created a dispute between appellants (Gage's children), who claim that they should receive outright one-half of Frank's share of principal, and appellee (Mrs. Little), the surviving life tenant, who maintains that there should be no principal distribution now, but that all the principal remaining (after the earlier distribution to Gage's children) should remain in trust for her benefit with income to her for her life. By adjudication dated January 23, 1968, Judge BURKE held that Frank's share of income passed to appellee, and appellants' exceptions were dismissed by the court en banc.

Our task, as was that of the court below, is to ascertain the testator's intent as disclosed by the will as a whole. E.g., *Dinkey Estate*, 403 Pa. 179, 168 A. 2d

337 (1961), and cases cited therein. Thus what we here must decide is whether testator intended that the remaining income go to his surviving grandchild, or to his great-grandchildren, the children of an already deceased grandchild. Although appellants argue that the decision below inequitably results in Mrs. Little's line of issue receiving more than Gage's line, it is clear that only a question concerning income distribution during Mrs. Little's life is before us. As the court below correctly stated, the determination in this case in no way is concerned with the ultimate distribution of principal on Mrs. Little's death. The present case does not involve Mrs. Little's line of issue at all, but only her own right as a grandchild vis-a-vis the rights of Gage's children. Any adjudication concerning the ultimate distribution of principal while the life tenant, Mrs. Little, remains alive, would be premature. See *Butler Estate*, 364 Pa. 279, 72 A. 2d 110 (1950).

Testator provided that should "any" grandchild die without issue, his or her share of income should go to the "others" still living. Appellants argue that because "others" is plural, this provision applies only at the death of the *first* grandchild to die, but is inapplicable to the present situation which involves the death of the *second* grandchild to die. We agree with the court below that such a narrow and subtle interpretation is improper. The will as a whole evidences an intention on the part of testator primarily to benefit his grandchildren, who were known to him when the will was drawn and who were the natural objects of his bounty. It is hardly surprising that testator would have intended to benefit these grandchildren over afterborn great-grandchildren. Thus testator provided that when *any* grandchild died without issue, the remaining grandchildren would take his or her income share. It is unlikely that testator would have used "any" if

he meant to confine the applicability of this provision only to the distribution that would occur at the death of the first grandchild to die.

Appellants contend that this reading of "any" in the first sentence of paragraph seven under Item Twelfth renders the second sentence of that paragraph surplusage. The sentence in question provides that where the first two grandchildren have died without issue, the income shall go to the surviving grandchild. We believe that the court below correctly decided that this provision was intended to reinforce the dispositive scheme in the first sentence, and merely is consistent with testator's intent that income shares of grandchildren who die without issue should go to a surviving grandchild or grandchildren.

Although admitting that precedent is usually of little value in deciding cases of this type, where the intention of a given testator is at issue, appellants maintain that *Fox's Estate,* 222 Pa. 108, 70 Atl. 954 (1908) and its progeny support their position. However *Fox's Estate* involved a trust under which the issue of a deceased daughter explicitly took over the share of the deceased parent in the ongoing trust. In the case before us, at the death of a grandchild that grandchild's issue are entitled only to "a share of the principal . . . represented by the proportion of income to which the one so dying was entitled at the time of his or her death . . . ." Nowhere is there any indication in the will before us that the issue step into the shoes of the deceased grandchild in order to take a share of principal upon the subsequent death of another grandchild.

In summary then, we conclude that Mrs. Little, the surviving life tenant, is entitled to the income from that part of the trust that benefited Frank, who died without issue. We repeat that we do not here decide how remaining principal should be divided at Mrs. Little's death.

326

The decree of the Orphans' Court of Philadelphia County is affirmed, each party to pay own costs.

**Mr.** Justice JONES took no part in the consideration or decision of this case.