**Dhayer Estate**

*James R. Donaldson,* for accountant.

*James S. Iams,* of *Peacock, Keller, Yohe & Day,* for widow.

SIMMONS, J., January 4, 1974.—Fred Dhayer, Sr., died January 14, 1972, a resident of Hanover Township, Washington County, Pa., and his last will and testament, dated May 22, 1970, was admitted to probate on January 26, 1972, and letters testamentary were granted to Florence Virtue and Gloria Jones.

On May 22, 1970, Fred Dhayer, Sr., and Lela Ida VanOrman entered into an ante-nuptial agreement (Estate Exhibit No. 2) which, at paragraph 4 provided that either party was free to make independent provision for the other in his or her will. Fred Dhayer, Sr., in his will, provided for Lela Ida VanOrman on condition that she be his wife at the time of his death.

At SECOND of the will he provided:

"I plan on marrying Lela Ida VanOrman, and if she is my wife at the time of my death I give, devise and bequeath to her the house and lot known as 4603 Arcadia Road, Holiday Gardens, Tarpon Springs, Florida, together with all household furniture, furnishings, equipment, tools and power equipment in and about the same. I direct that any liens or encumbrances against the property be paid out of the residue of my estate. If I have sold the above property and purchased another dwelling in Florida it is my will and I give, devise and bequeath the latter dwelling to LELA IDA VAN ORMAN, if she is my wife."

By deed dated May 20, 1971, *one year after* the will was executed, (Estate Exhibit No. 1), Fred Dhayer, Sr., created an estate by entireties in himself and his wife

in the property in Florida, known as 4603 Arcadia Road, Holiday Gardens, Tarpon Springs, Fla.

By instrument dated September 29, 1972, and filed October 3, 1972, Lela Dhayer elected to take under the terms of the will.

Certain joint accounts were opened in Florida in the names of Fred Dhayer, Sr., and Lela Dhayer (Estate Exhibit No. 3).

The balance due on the mortgage at the time of the death of Fred Dhayer, Sr., was $6,681.62, less a credit of $50.43 for escrow, to which interest must be added in the sum of $250.72, for a total of $6,881.91.

Under the above-recited circumstances, it is the opinion of the court that the attempted devise of the Florida property to the wife was void, since the devise of the property held by entireties has no legal force or effect. See Williams Estate, 349 Pa. 568.

It follows then that if we look at the second paragraph of the will, the direction to pay any. liens or encumbrances is clearly an integral part of this invalid clause devising testator's Florida property, and cannot be separated therefrom without changing or rewriting testator's bequest. The intention of testator is controlling in the interpretation of his will and that intention must be ascertained from all of the circumstances. See McFadden Estate, 381 Pa. 464. Here, we have no circumstances which would indicate that testator intended to pay off the mortgage indebtedness regardless of the legal efficacy of the devise of realty to his wife.

However, it must be pointed out that testator's estate is still liable for one-half of the mortgage indebtedness on entireties real estate. See Klein Estate, 59 Berks 45, affirmed 429 Pa. 27.

As to the ownership of the joint accounts, it would appear that Mrs. Dhayer would be the owner of the

same in the absence of a showing that Florida law vested only one-half of said accounts in the widow.

It is the order of the court that decedent's personal representative shall pay one-half of the mortgage indebtedness including interest, less any applicable credits and/or reimburse the proper persons whoever they may be, if the mortgage indebtedness has been heretofore paid.